# Document 1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,                    :
                                       :
             **Plaintiff,**     :
   - v -                          :          **Civil Action No. 05-147**
                                       :
UNITED STATES,  et al.,                :
                                       :
           **Defendants.**    :

## DECLARATION OF JOYCE HORIKAWA

I, Joyce M. Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor employed by the United States Department of Justice, Federal Bureau of Prisons, at the Northeast Regional Office, in Philadelphia, Pennsylvania. I have been employed in this capacity since approximately April 8, 2001. Pursuant to my official duties, I have access to records maintained in the ordinary course of business at the Federal Bureau of Prisons Northeast Regional Office, including all records reflecting an inmate's attempts to seek and exhaust administrative remedies under the Administrative Remedy Procedure for Inmates, 28 C.F.R. § 542.10 et seq., as well as under the Federal Tort Claims Act.

2. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel

of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

3. In the ordinary course of business, computerized indexes of all administrative requests and appeals filed by inmates are maintained in the Bureau of Prisons computerized data base so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue.

4. On or about December 7, 2005, in connection with the above-captioned litigation, I accessed the computerized indexes of all administrative remedies filed by inmate Darryl Orrin Baker, Register Number 19613-039, the Plaintiff in the above-captioned case, to determine whether he attempted to exhaust the highest level of administrative appeal on the issues raised in this case.

5. Following a search of the indexes of all administrative remedies filed by Plaintiff , I determined he had not exhausted his available administrative remedies on any issue raised in the above-captioned civil action.

6. I am also familiar with Bureau of Prisons policies and procedures pertaining to the processing of administrative tort claims asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq, and submitted to the Bureau of Prisons under the provisions set forth at 28 C.F.R. §§ 543.30-.32.

7. The Bureau of Prisons' regulations applicable to administrative tort claims asserted under the FTCA require claims to be submitted first to the Regional Office in the region where

the basis for the claim occurred. 28 C.F.R. § 543.31©).

8. In this case, inmate Baker alleges that while he was housed at FCI McKean, he was denied adequate medical attention. He also alleges after he submitted an administrative tort claim alleging inadequate medical attention, he was subjected to retaliatory treatment by staff. Therefore, if inmate Bradley submitted an administrative tort claim alleging negligent medical treatment or retaliation for filing an administrative tort claim, he would have submitted those administrative tort claims to the Federal Bureau of Prisons Northeast Regional Office. See 28 C.F.R. §§ 503.2(b), 543.31©).

9. Under the applicable regulations, the denial of a claim by either the Regional Counsel or Office of the General Counsel constitutes a final administrative action. 28 C.F.R. § 543.32(g).

10. In the ordinary course of business, records of administrative tort claims filed with the regional offices of the Federal Bureau of Prisons are maintained on a nationwide database so that rapid verification can be made as to whether an individual has attempted to exhaust his or her available administrative tort claim remedy pursuant to the procedures set forth at 28 C.F.R. § 543.30, et seq. As an attorney assigned to the Federal Bureau of Prisons Northeast Regional Counsel's Office, I have access to the nationwide administrative tort claim database.

11. On or about December 8, 2005, in connection with the above-captioned case, I accessed the administrative tort claim database referenced above to determine whether inmate Baker exhausted or attempted to exhaust his available remedies under the administrative tort claim procedures described above for any of the allegations raised in the complaint.

12. After accessing the administrative tort claim index, I determined that inmate Baker, exhausted his available administrative tort remedies for all of the medical issues raised in this

-3-

civil action.  However, he has not exhausted his available administrative tort remedies regarding his claims of retaliation for filing an administrative tort claim.

13. Attached hereto, please find true and correct copies of the following documents which are maintained in the ordinary course of business in the Bureau of Prisons Northeast Regional Office:

    a.    Public Information Data Sheet for inmate Darryl Orrin Baker, Register Number 19613-039;

    b.    Administrative Tort Claim, Case Number TRT-NER-2004-03801;

    c.    Memorandum denying Administrative Tort Claim Number TRT-NER-2004-03801;

    d.    Acknowledgment of Denial of Administrative Tort Claim;

    I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this ___ day of December, 2005.

Joyce M. Horikawa
Senior Attorney Advisor
Philadelphia, PA

-4-

# Document 1a

```
  NERH4            *        PUBLIC INFORMATION       *      11-16-2005
PAGE 001           *          INMATE DATA            *      13:23:45
                            AS OF 11-16-2005


REGNO..: 19613-039 NAME: BAKER, DARRYL ORRIN

                   RESP OF: LEW / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 570-523-1251    FAX: 570-522-7745
                                            RACE/SEX...: BLACK / MALE
FBI NUMBER.: 747008W1                       DOB/AGE....: 06-30-1962 / 43
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 07-02-2012                     PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL   ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
LEW   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-26-2005 1235 CURRENT
S37   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-26-2005 1235 08-26-2005 1235
S37   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-26-2005 0830 08-26-2005 1235
ELK   TRANSFER   TRANSFER                       08-26-2005 0830 08-26-2005 0830
ELK   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-12-2004 1851 08-26-2005 0830
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-12-2004 1851 08-12-2004 1851
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-12-2004 0850 08-12-2004 1851
BRO   HLD REMOVE HOLDOVER REMOVED              08-12-2004 0850 08-12-2004 0850
BRO   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 07-07-2004 1240 08-12-2004 0850
B01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-07-2004 1240 07-07-2004 1240
B01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-07-2004 0558 07-07-2004 1240
LEW   HLD REMOVE HOLDOVER REMOVED              07-07-2004 0558 07-07-2004 0558
LEW   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 07-01-2004 1403 07-07-2004 0558
S42   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-01-2004 1403 07-01-2004 1403
S42   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-01-2004 1010 07-01-2004 1403
MCK   TRANSFER   TRANSFER                       07-01-2004 1010 07-01-2004 1010
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-09-2004 1310 07-01-2004 1010
MCK   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 06-09-2004 1020 06-09-2004 1310
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-30-2004 1143 06-09-2004 1020
MCK   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 04-30-2004 0919 04-30-2004 1143
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-15-2004 1105 04-30-2004 0919
MCK   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 04-15-2004 0902 04-15-2004 1105
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-09-2004 1107 04-15-2004 0902
MCK   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 04-09-2004 0934 04-09-2004 1107
MCK   A-DES      DESIGNATED, AT ASSIGNED FACIL 09-12-2002 0815 04-09-2004 0934
S16   RELEASE    RELEASED FROM IN-TRANSIT FACL 09-12-2002 0815 09-12-2002 0815
S16   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-12-2002 0541 09-12-2002 0815
LEW   HLD REMOVE HOLDOVER REMOVED              09-12-2002 0541 09-12-2002 0541
LEW   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 08-30-2002 1217 09-12-2002 0541
S18   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-30-2002 1217 08-30-2002 1217
S18   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-30-2002 1009 08-30-2002 1217
LOR   TRANSFER   TRANSFER                       08-30-2002 1009 08-30-2002 1009
LOR   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-07-2000 0815 08-30-2002 1009
S15   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-07-2000 0815 07-07-2000 0815
S15   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-07-2000 0551 07-07-2000 0815
LEW   HLD REMOVE HOLDOVER REMOVED              07-07-2000 0551 07-07-2000 0551


G0002       MORE PAGES TO FOLLOW . . .
```

```
  NERH4            *          PUBLIC INFORMATION        *      11-16-2005
PAGE 002           *             INMATE DATA            *      13:23:45
                                AS OF 11-16-2005

REGNO..: 19613-039 NAME: BAKER, DARRYL ORRIN

                   RESP OF: LEW / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 570-523-1251   FAX: 570-522-7745
LEW   A-BOP HLD   HOLDOVER FOR INST TO INST TRF  06-30-2000 1431 07-07-2000 0551
S13   RELEASE     RELEASED FROM IN-TRANSIT FACL  06-30-2000 1431 06-30-2000 1431
S13   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-30-2000 1037 06-30-2000 1431
MCK   TRANSFER    TRANSFER                       06-30-2000 1037 06-30-2000 1037
MCK   A-DES       DESIGNATED, AT ASSIGNED FACIL  10-18-1995 1630 06-30-2000 1037
3-Q   RELEASE     RELEASED FROM IN-TRANSIT FACL  10-18-1995 1630 10-18-1995 1630
3-Q   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-18-1995 0724 10-18-1995 1630
MIL   HLD REMOVE  HOLDOVER REMOVED               10-18-1995 0724 10-18-1995 0724
MIL   A-HLD       HOLDOVER, TEMPORARILY HOUSED   10-13-1995 1846 10-18-1995 0724
MIL   ADM CHANGE  RELEASE FOR ADMISSION CHANGE   10-13-1995 1845 10-13-1995 1846
MIL   A-PRE       PRE-SENTENCE ADMISSION         10-04-1995 1205 10-13-1995 1845
MIL   PRE REMOVE  PRE SENT DETAINEE REMOVED      08-07-1995 0930 10-04-1995 1205
MIL   A-PRE       PRE-SENTENCE ADMISSION         06-08-1995 1202 08-07-1995 0930
```

G0002        MORE PAGES TO FOLLOW . . .

```
     NERH4            *         PUBLIC INFORMATION        *    11-16-2005
     PAGE 003         *            INMATE DATA            *    13:23:45
                                 AS OF 11-16-2005
```

REGNO..: 19613-039 NAME: BAKER, DARRYL ORRIN

```
                    RESP OF: LEW / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 570-523-1251    FAX: 570-522-7745
     PRE-RELEASE PREPARATION DATE: 01-02-2012
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-02-2012 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: 94-CR-50065-01-FL
JUDGE...........................: GADOLA
DATE SENTENCED/PROBATION IMPOSED: 09-20-1995
DATE COMMITTED..................: 10-18-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $150.00          $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  381
OFF/CHG: T21:841(A)(1)-DIST OF COCAINE BASE; AID & ABET (2 CNTS)
         T21:841(A)(1)-POSS W/I/T/D COCAINE BASE

```
 SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  235 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 DATE OF OFFENSE................: 09-21-1994
```

G0002       MORE PAGES TO FOLLOW . . .

```
  NERH4          *          PUBLIC INFORMATION          *     11-16-2005
PAGE 004 OF 004 *             INMATE DATA               *     13:23:45
                            AS OF 11-16-2005
```

REGNO..: 19613-039 NAME: BAKER, DARRYL ORRIN

```
                RESP OF: LEW / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 570-523-1251    FAX: 570-522-7745
-------------------------CURRENT COMPUTATION NO: 010 -------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 08-13-2004 AT ELK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 09-20-1995
TOTAL TERM IN EFFECT............:   235 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    19 YEARS        7 MONTHS
EARLIEST DATE OF OFFENSE........: 09-21-1994

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                      09-22-1994     09-23-1994
                                      01-03-1995     01-03-1995
                                      05-11-1995     09-19-1995

TOTAL PRIOR CREDIT TIME.........: 135
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 886
TOTAL GCT EARNED................: 500
STATUTORY RELEASE DATE PROJECTED: 07-02-2012
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 12-05-2014


PROJECTED SATISFACTION DATE.....: 07-02-2012
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Document 1b

SF 95 (Face)

TRT-NER-2004-03801

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE-7TH FLOOR 2ND & CHESTNUT STREETS PHILADELPHIA, P.A. 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code)<br><br>DARRYL ORRIN BAKER NO.#19613-039 P.O. BOX 8000 BRADFORD, P.A. 16701 FEDERAL CORRECTION INSTITUTION |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>06-30-62 | 5. MARITAL STATUS<br>DIVORCED | 6. DATE AND DAY OF ACCIDENT<br>FEBRUARY 27, 2004 | 7. TIME (A.M. OR P.M.)<br>8:10 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )

**9.**                                    **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

**10.**                                **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

( SEE ATTACHMENT )

**11.**                                           **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT )     JUN 17 2004 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) |
|---|---|

| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$20 MILLION | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$20 MILLION |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.)<br>*Darryl Baker* | 13b. Phone Number of signatory | 14. DATE OF CLAIM<br>6-13-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(This form may be replicated via WP)

On February 27, 2004, at approximately 8:05 p.m., I inmate Baker, was assaulted by two (2) Latin king Gang members here at F.C.I. Mckean. At the time of this attack, I was assigned to the ten (10) man cell where I shared my living quarters with (9) other inmates, and several of these inmates saw the attacks being administered to me by the Latin King Gang members. The assault lasted approximately between (7) to (10) minutes, leaving me battered and bruised very badly and in need of serious medical attention. I was in  the ten (10) man cell setting in a chair listening to the radio with my head phones on with my eyes closed, and two (2) Latin King Gang members entered the ten (10) man cell and started assaulting me. I suffered a bleeding and bruised nose, swollen left eye, swollen head, cuts, blurred vision, contusion, at the time of this attack by the Latin King Gang members. Officer B. Weseman, was on duty working the evening shift and was not present in the Unit at the time this assault took place. Perhaps Officer Weseman, was asleep, or perhaps he left for a cigarette, or a snack, but he was not in the Unit when I was assaulted by the two (2) Latin King Gang members, and Officer Weseman, was unaware what had took place. Two days later, on February 29, 2004, at approximately 9:10 a.m., I was awoke by Officer Zerowitz, the morning shift Officer, and he requested to see my face for bruises. I was then immediately taken to the Lieutenant Office and while I was there, pictures was taken of my face, left eye, back, hands, chest, where the two (2) Latin King Gang members assaulted me. Then I was immediately taken to the Medical Department where I was seen by a Physician Assistant. The Physician Assistant, denied me any medication for my pain and suffering. The Physician Assistant, denied me medical attention to my left eye. The Physician Assistant was unaware that I had double vision, blurred vision, and that my left eye was off centered. The Physician Assistant, denied me to see a Eye Doctor, or a Eye Specialist, and did not recommend me to see one. Then I was immediately placed in Administrated Detention. While I was there, I made numerous complaints about my left eye and my pain and suffering and was denied any treatment. Then I made my complaint to the Warden and Assistant Warden and i still was denied medical attention for my left eye and pain and suffering. Officer B, weseman, the Assistant Warden, the Warden, Medical Staff, and these Government Officials here at F.C.I. Mckean negligence, for failure

to protect me from being assaulted by two (2) Latin King Gang members, caused me future injuries and future pain and suffering, and also, this negligence by Medical Staff and proximate cause of Medical Staff has caused me future injuries to my left eye and future pain and suffering by these Government Officials.


                                        Respectfully submitted

                                        /s/ _Darryl Baker_
                                        DARRYL ORRIN BAKER
                                        REG. NO. # 19613-039
                                        P.O. BOX 8000
DATED June 13 2004.                     F.C.I. MCKEAN
                                        BRADFORD, P.A. 16701

SF 95 (Face)

# MEDICAL CLAIM

*3/30/04*

*Combined with Tort-Nof6 2004-0380*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE–7TH FLOOR 2ND & CHESTNUT STREETS PHILADELPHIA, P.A. 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code) DARRYL ORRIN BAKER NO.#19613-039 P.O. BOX 8000 BRADFORD, P.A. 16701 FEDERAL CORRECTIONAL INSTITUTION |
|---|---|

| 3. TYPE OF EMPLOYMENT [ ] MILITARY [ ] CIVILIAN | 4. DATE OF BIRTH 6-30-62 | 5. MARITAL STATUS DIVORCED | 6. DATE AND DAY OF ACCIDENT FEBRUARY 27, 2004 | 7. TIME (A.M. or P.M.) 8:10 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )    MEDICAL CLAIM

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

( SEE ATTACHMENT )    MEDICAL CLAIM

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT ) |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $15 MILLION | N/A | $15 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) *Darryl Baker* | 13b. Phone Number of signatory | 14. DATE OF CLAIM 6-13-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(This form may be replicated via WP)

**MEDICAL CLAIM**

On February 27, 2004, I inmate Baker, was assaulted by two (2) Latin King Gang members, as a result of my attack I sustained injuries to my nose, head, left eye, and emotional pain and suffering. Two (2) days later on February 29, 2004, at approximately 9:10 a.m., I was awoke by the morning shift Officer Mr. Zerowitz, where he ordered to see the injuries I had Sustained. Then I was immediately taken to the Lieutenant office where pictures where taken of my injuries and then I was seen by a Physician Assistant. I did not receive any medication or any treatment for my left eye or my injuries. Then I was taken to Administrative Detention. While I was in Administrative Detention I did not receive any medical attention for my left eye and the injuries I sustained. I put in several sick call forms and was denied treatment by Medical Staff. On March 11, 2004, I was seen by Doctor Beam, and received some eye drops and was denied medical treatment for my left eye. I was released from Administrative Detention on March 26, 2004. This negligence by these Government Officials here at F.C.I. Mckean cause me future injuries to my left eye and I will not be able to hold my old job at General Motors when I am released from prison. This negligence by these Government Officials and proximate cause has caused me future injuries and future pain and suffering.

Respectfully submitted

/s/ _Darryl Baker_
DARRYL ORRIN BAKER
REG. NO. # 19613-039
P.O. BOX 8000
F.C.I. MCKEAN
BRADFORD, P.A. 16701

DATED June 13, 2004.

1

**AFFIDAVIT**

**SWORN UNDER THE PENALTIES OF PERJURY:**

(1) I inmate Thurman Johnson, was assigned to the ten (10) man cell on February
27, 2004.

(2) That inmate Baker, was assaulted by to inmates in the ten man cell on February
27, 2004.

(3) That Officer Weseman, was not patrolling the Unit when this assault took place
on inmate Baker.

(4) That Officer Weseman, was not in the Unit when the assault took place.

(5) That Officer Weseman, was unaware what took place on February 27, 2004.

(6) That inmate Baker, was bleeding profusely and suffered a injury to his left eye.

Respectfully submitted

/s/ _Therman Johnson_
INMATE THURMAN JOHNSON
REG. NO.# 11073-055
P.O. BOX 8000
F.C.I. MCKEAN
BRADFORD, P.A. 16701

**DATED APRIL 15, 2004.**

**THAT THESE STATEMENTS FROM 1 THRU 6 ARE TRUE UNDER THE PENALTIES OF PERJURY:**

**AFFIDAVIT**

**SWORN AFFIDAVIT UNDER THE PENALTIES OF PERJURY:**

(1) I inmate Tim, was assigned to the ten (10) man cell on February 27, 2004.

(2) That on February 27, 2004, at approximately 8:05p:m. I was asleep in the ten (10) man cell.

(3) That when I awoke, I saw inmate Baker, being assaulted by two (2) other inmates.

(4) Inmate Baker, was bleeding profusely and he had a injury to his left eye.

Respectfully submitted

/s/ _____

INMATE TIMOTHY BRADLEY
REG. NO.#03098-049
P.O. BOX 8000
F.C.I. MCKEAN
BRADFORD, P.A. 16701

DATED APRIL 10, 2004.

THAT THESE STATEMENTS FROM 1 THRU 4 ARE TRUE UNDER THE PENALTIES OF PERJURY:

REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE
U.S. CUSTOMS HOUSE-7TH FLOOR
2ND & CHESTNUT STREETS
PHILADELPHIA,P.A. 19106

BRADFORD PA
JUN 15 2004





7003 2260 0000 2576 7672

Federal Correctional Institution McKean
Name: **DARRYL ORRIN BAKER**
Reg.#: **19613-039**

P.O. Box 8000
Bradford, PA 16701

CERTIFIED MAIL™
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**LEGAL MAIL**

# Document 1c

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** December 3, 2004

**REPLY TO
ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Administrative Tort Claim No. TRT-NER-2004-03801

**TO:** Darryl Orrin Baker, Reg. No. 19613-039
FCI Elkton

Your Administrative Tort Claim No. TRT-NER-2004-03801, properly received by this agency on June 17, 2004,[1] has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $35,000.00 for an alleged personal injury. Specifically, you claim staff did not exercise due care to protect you from being assaulted by two other inmates on February 27, 2004. You contend you were denied appropriate medical care, resulting in injury to your left eye, as well as pain and suffering.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you were assaulted by others at the Federal Correctional Institution (FCI), McKean, Pennsylvania, on February 27, 2004. Staff did not become aware of the incident until February 29, 2004. Upon notification of an incident involving you, you were examined by medical staff and provided appropriate treatment for your injuries. You suffered multiple contusions, superficial abrasions, and bruising of the face, right arm, chest and both hands. You complained of eye pain and an initial eye exam was conducted. You refused medication to relieve the pain. Subsequently, you were evaluated by three different eye specialists. You were diagnosed with adhesions to the inferior rectus muscle. Conservative treatment was recommended. An ophthalmologist specializing in orbit injuries, advised that surgery was not worth the risk. The medical record indicates you received appropriate medical care, consistent with community standards.

You did not inform staff of any problem you may have been experiencing with any inmate or group of inmates. Without prior knowledge of a specific problem, the Bureau of Prisons cannot

---

[1]This agency actually received two separate claims from you for an incident which occurred on the same day. Therefore, they have been combined for the purpose of this response.

Darryl Orrin Baker, Reg. No. 19613-039
Claim No. TRT-NER-2004-03801
Page Two


be held responsible for the acts of other inmates.  Your failure
to properly advise staff of your alleged problems with other
inmates prevented staff from taking any action to protect you.
There is no evidence of negligence on the part of any Bureau of
Prisons' staff in this matter.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this memorandum.

cc: T. R. Sniezek, Warden, FCI Elkton
    James F. Sherman, Warden, FCI McKean

# Document 1d

<u>ACKNOWLEDGMENT OF RECEIPT</u>

<u>DENIAL OF TORT CLAIM</u>

I, Darryl Orrin Baker, Reg. No. 19613-039, hereby acknowledge
receipt this ___11th___day of ___December___, 2004, of the
December 3, 2004, memorandum from Henry J. Sadowski, Regional
Counsel, Northeast Region, Federal Bureau of Prisons, informing
me of the denial of my tort claim (TRT-NER-2004-03801).


_____
Signature




Witnessed this __11th__ day of ___December___, 2004.


_____
Staff Witness