## CONCLUSION AND RELIEF REQUESTED

(1) The Defendant's Government Officials where negligent to Plaintiff's medical needs and the Plaintiff has been caused present and future and permanent harm as a result.

(2) The Plaintiff has established subject matter jurisdiction based on the facts and the discretionary function exception does not apply in the Plaintiff's case at hand.

(3) The Defendant's Officer Wesemen was negligent when he left the Unit unattended and unsupervised.

(4) The Defendant's Medical Department was negligent and the proximate cause of the Plaintiff's injuries.

(5) The Plaintiff demand for a trial by a jury, or a bench trial.

(6) Award Plaintiff 15 million for medical damages for pain and future suffering from the permanent injuries that was caused by the negligence by the Defendant's.

(7) Award Plaintiff 20 million for compensatory damages against the Defendant's Government Officials.

(8) Award Plaintiff 20 million for punitive damages against the Defendant's Government Officials.

(9) Award the Plaintiff 20 million for the claim submitted to the Federal Agency.

(10) Award Plaintiff any applicable interest against the Defendant's until all judgments are satisfied.

(11) Awarding Plaintiff any other relief that may be deemed just and fair against the Defendant's Government officials.

**Wherefore,** the Plaintiff request that this Honorable Court **"GRANT"** the following relief.

Respectfully submitted

BY:  _Darryl Baker_
DARRYL ORKIN BAKER
    **(PRO-SE)**
Reg. No.# 19613-039
Federal Prison Camp
P.O. box 2000
Lewisburg, PA.
17837

**EXECUTED:** DECEMBER _14_ , 2005.

(43)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___14___ , day of December, 2005, a true and correct copy of the foregoing Plaintiff's Motion for Leave to File a Second Amended Complaint, was served by fist-calls U.S. mail, to the following:

        United States Attoney's
        Assistant United States Attorney
        Mary Beth Buchanan
        Paul E. Skirtich
        Western District of PA
        700 Grant Street, Suite 4000
        Pittsburgh, PA. 15219

                    Respectfully submitted

        BY:    _Darryl Baker_____
                    DARRYL ORRIN BAKER
                    Reg. No.# 19613-039
                    Federal Prison Camp
                    P.O. Box 2000
                    Lewisburg, PA.
                    17837

EXECUTED: DECEMBER _14_ ,2005.

(44)

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,    )
                       )
         Plaintiff,    )
                       )
                       )    CIVIL ACTION 05-147E
VS.                    )
                       )    HONORABLE
                       )    JUDGE MCLAUGLIN
                       )
UNITED STATES OF AMERICA.    )
GOVERNMENT OFFICIALS AT      )
FCI-MCKEAN, WARDEN, OFFICER  )
B. WESEMEN, MEDICAL DEPARTMENT )
                       )
         DEFENDANTS.   )

## AFFIDAVIT

DARRYL ORRIN BAKER SWORE AND DEPOSE:

(1) The Plaintiff DARRYL ORRIN BAKER, was incarcerated at FCI-Mckean in 2002 to July 1, 2004.

(2) That I the Plaintiff has suffered injuries on February 27, 2004.

(3) That I the Plaintiff was reviewed by the Staff at FCI-Mckean on February 29, 2004, to take picture of my injuries I sustained by the assault of the two (2) Latin King Gang Members.

(4) That Officer B. Wesemen, was not in the Unit when the Plaintiff was assaulted by the two Latin King Gang Members.

(5) That other inmates that where in the ten man cell and out, when the Plaintiff was assaulted saw these attackes and Officer B. Wesemen, was not in the Unit.

(6) That the Medical Department was also negligent along with Officer B. Wesemen, when the Plaintiff did not receive immediate

medical treatment from injuries sustained.

(7) That the Warden, Assistant Warden, Doctor Beam, and Doctor Olsen, was the proximate cause of Plaintiff injuries when the Plaintiff did not receive immediate medical attention for my left eye.

(8) That the Defendant's Government Officials caused the Plaintiff future harm and present harm because the Plaintiff is still suffering from these injuries, as a result of there negligence.

Respectfully submitted

BY: _Darryl Baker_____

DARRYL ORRIN BAKER
(PRO-SE)
Reg. No.# 19613-039
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA.
17837

EXECUTED: DECEMBER 14, 2005.

THESE STATEMENT ARE TRUE FROM NOS. 1 THRU 8 UNDER THE PENALTIES OF PERJURY.

(2)

(EXHIBIT 1)

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** December 3, 2004

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Administrative Tort Claim No. TRT-NER-2004-03801

**TO:** Darryl Orrin Baker, Reg. No. 19613-039
FCI Elkton

Your Administrative Tort Claim No. TRT-NER-2004-03801, properly
received by this agency on June 17, 2004,[1] has been considered
for settlement as provided by the Federal Tort Claims Act (FTCA),
28 U.S.C. § 2672, under authority delegated to me by
28 C.F.R. § 543.30. You seek compensatory damages in the amount
of $35,000.00 for an alleged personal injury. Specifically, you
claim staff did not exercise due care to protect you from being
assaulted by two other inmates on February 27, 2004. You contend
you were denied appropriate medical care, resulting in injury to
your left eye, as well as pain and suffering.

After careful review of this claim, I have decided not to offer
a settlement. Investigation reveals you were assaulted by others
at the Federal Correctional Institution (FCI), McKean,
Pennsylvania, on February 27, 2004. Staff did not become aware
of the incident until February 29, 2004. Upon notification of an
incident involving you, you were examined by medical staff and
provided appropriate treatment for your injuries. You suffered
multiple contusions, superficial abrasions, and bruising of the
face, right arm, chest and both hands. You complained of eye
pain and an initial eye exam was conducted. You refused
medication to relieve the pain. Subsequently, you were evaluated
by three different eye specialists. You were diagnosed with
adhesions to the inferior rectus muscle. Conservative treatment
was recommended. An ophthalmologist specializing in orbit
injuries, advised that surgery was not worth the risk. The
medical record indicates you received appropriate medical care,
consistent with community standards.

You did not inform staff of any problem you may have been
experiencing with any inmate or group of inmates. Without prior
knowledge of a specific problem, the Bureau of Prisons cannot

---

[1]This agency actually received two separate claims from you for an incident which
occurred on the same day. Therefore, they have been combined for the purpose of this response.

Darryl Orrin Baker, Reg. No. 19613-039
Claim No. TRT-NER-2004-03801
Page Two


be held responsible for the acts of other inmates.  Your failure
to properly advise staff of your alleged problems with other
inmates prevented staff from taking any action to protect you.
There is no evidence of negligence on the part of any Bureau of
Prisons' staff in this matter.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this memorandum.

cc: T. R. Sniezek, Warden, FCI Elkton
    James F. Sherman, Warden, FCI McKean



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

June 24, 2004

Darryl Orrin Baker
Reg. No. 19613-039
Federal Correctional Institution-McKean
P.O. Box 8000
Bradford, PA  16701

Re: Administrative Tort Claim Received June 17, 2004
    Claim No. TRT-NER-2004-03601

Dear Mr. Baker:

This will acknowledge receipt on June 17, 2004, of your Administrative Tort Claim for alleged personal injury suffered at the FCI McKean on or about February 27, 2004.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. 2675, we have six months from the date of receipt to review, consider, and adjudicate your claim. Accordingly, you may expect to hear from us on or before December 14, 2004.

All correspondence regarding this claim should be addressed to me at: Federal Bureau of Prisons, Northeast Regional Office, U.S. Custom House, Room 700, 2nd & Chestnut Streets, Philadelphia, Pennsylvania 19106. If the circumstances surrounding this claim change in any fashion, you should contact me immediately. Also, should your address change, you should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

## MEDICAL CLAIM

SF 95 (face)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE-7TH FLOOR 2ND & CHESTNUT STREETS PHILADELPHIA, P.A. 19106

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)** (Number, street, city, State and ZIP Code)
DARRYL ORRIN BAKER NO.#19613-039
P.O. BOX 8000 BRADFORD, P.A. 16701
FEDERAL CORRECTIONAL INSTITUTION

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | 6-30-62 | DIVORCED | FEBRUARY 27, 2004 | 8:10 p.m. |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )     MEDICAL CLAIM

### PROPERTY DAMAGE

**9.**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

### PERSONAL INJURY/WRONGFUL DEATH

**10.**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.     ( SEE ATTACHMENT )   MEDICAL CLAIM

### WITNESSES

**11.**

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT ) |

### AMOUNT OF CLAIM (in dollars)

**12. (See instructions on reverse)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $15 MILLION | N/A | $15 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) | 13b. Phone Number of signatory | 14. DATE OF CLAIM 6-13-04 |
|---|---|---|
| *Darryl Baker* | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

95-109
Previous editions not usable.

(This form may be replicated via WP)

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

3/30/04

SF 95 (face)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE-7TH FLOOR 2ND & CHESTNUT STREETS PHILADELPHIA, P.A. 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code) DARRYL ORRIN BAKER NO.#19613-039 P.O. BOX 8000 BRADFORD, P.A. 16701 FEDERAL CORRECTION INSTITUTION |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 06-30-62 | 5. MARITAL STATUS DIVORCED | 6. DATE AND DAY OF ACCIDENT FEBRUARY 27, 2004 | 7. TIME (A.M. OR P.M.) 8:10 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )

---

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

---

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

( SEE ATTACHMENT )

---

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT ) |

---

12. (See instructions on reverse)    **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $20 MILLION | N/A | $20 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) *Darryl Baker* | 13b. Phone Number of signatory | 14. DATE OF CLAIM 6-13-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

NSN 7540-00-634-4046

95-109
Previous editions not usable.

(This form may be replicated via WP)

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(EXHIBIT 2)

**AFFIDAVIT**

SWORN UNDER THE PENALTIES OF PERJURY:

(1) I inmate Thurman Johnson, was assigned to the ten (10) man cell on February

    27, 2004.

(2) That inmate Baker, was assaulted by to inmates in the ten man cell on February

    27, 2004.

(3) That Officer Weseman, was not patrolling the Unit when this assault took place

    on inmate Baker.

(4) That Officer Weseman, was not in the Unit when the assault took place.

(5) That Officer Weseman, was unaware what took place on February 27, 2004.

(6) That inmate Baker, was bleeding profusely and suffered a injury to his left eye.

Respectfully submitted

/s/ _Thurman Johnson_
INMATE THURMAN JOHNSON
REG. NO.# 11073-055
P.O. BOX 8000
F.C.I. MCKEAN
BRADFORD, P.A. 16701

DATED APRIL 15, 2004.

THAT THESE STATEMENTS FROM 1 THRU 6 ARE TRUE UNDER THE PENALTIES OF PERJURY:

**AFFIDAVIT**

**SWORN AFFIDAVIT UNDER THE PENALTIES OF PERJURY:**

(1) I inmate Tim, was assigned to the ten (10) man cell on February 27, 2004.

(2) That on February 27, 2004, at approximately 8:05p.m. I was asleep in the ten (10) man cell.

(3) That when I awoke, I saw inmate Baker, being assaulted by two (2) other inmates.

(4) Inmate Baker, was bleeding profusely and he had a injury to his left eye.

Respectfully submitted

/s/ _____

INMATE TIMOTHY BRADLEY
REG. NO.#03098-049
P.O. BOX 8000
F.C.I. MCKEAN
BRADFORD, P.A. 16701

DATED APRIL 10, 2004.

THAT THESE STATEMENTS FROM 1 THRU 4 ARE TRUE UNDER THE PENALTIES OF PERJURY:

(EXHIBIT 3)

# SENECA EYE SURGEONS

Robert J. Weiss, M.D.          Timothy J. O'Brien, M.D.          Nicholas A. Stathopoulos, M.D.

April 16, 2004

*#19613-039*

Dr. H. Beam                      Re:   Darryl O. Baker
Health Center                    DOB:  6/30/1962
FCI McKean                       DX:   Orbital Floor Fracture w/Entrapment
PO Box 5000                      DATE OF EVAL:   4/15/04
Bradford, PA 16701

Mr. Baker was seen April 15th. He had been struck in the left eye February 27th with a fist. He was complaining of blurred vision in both eyes. He does note that he gets double vision when he looks up. This is especially noticeable when he is weight lifting and doing, I believe, bent over rows and is looking straight ahead with his head tilted down.

His vision was 20/100 in the right eye and 20/200 on the left. This was easily correctable to 20/20 in either eye with an eyeglass prescription. The eyes were well aligned straight ahead. However, with up gaze the left eye did not elevate or look as far up as the right eye. I did not see any signs that the left eye was protruding further out or recessed into the eye more so than the right. The retina was normal.

The reports of the CT did suggest that there was some scarring of the floor of the orbit with possible adhesions to the inferior rectus muscle. Typically, in ophthalmology even with a fracture of the orbital floor, we like to wait at least two weeks to see that it heals on its own and the muscle entrapment is resolved. He is about six to eight weeks out and complaining of symptoms. Because he is well aligned at near, I think it would be better to take a conservative approach as the scarring is adherent to the muscle. However, it may be worthwhile to get a secondary opinion from an orbital plastic specialist who deals with these on a regular basis.

Thank you for allowing me to participate in Darryl's care. If you do not pursue an orbital evaluation, have him see me again in another three months.

Best regards,

Nicholas A. Stathopoulos, M.D.

NAS/js

Cc   Darryl C. Baker

REVIEWED EYE DEMAND   4/21/04   H. BEAM, MD FCI MCKEAN

103 West St. Clair Street          27 Porter Avenue          2 Main Street
Warren, PA 16365                 Jamestown, NY 14701        Bradford, PA 16701
(814)726-2020                    (716)483-2020              (814)362-7477
1-877-MD4-EYES                   1-866-716-EYES             1-866-814-EYES
Fax (814)726-1215                Fax (716)488-9295          Fax (814)362-4975

www.senecaeye.com

(EXHIBIT 4)

UNICOR FEDERAL PRISON INDUSTRIES INC
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __BAKER DARRYL ORRIN__          __19613-039__     __G-A__        __FSL ELKTON__
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT          INSTITUTION

**Part A– INMATE REQUEST**

I HAVE RECEIVED RETALIATION, DELIBERATIVELY INDIFFERNECE, EIGHTH
AMENDMENT VIOLATION FOR FILING GRIEVANCE BY MS. BARNES, DOCTOR
QUINN, AND THE EYE DOCTOR.

RELIEF REQUESTED: I AM HAVING EXCRUCIATING PAIN IN MY LEFT EYE
AND NEED MEDICAL TREATMENT FROM A ORBITAL SPECIALIST.

__FEBRUARY 3, 2005.__                              _____
         DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
         DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

                                              CASE NUMBER: _____
__ORIGINAL: RETURN TO INMATE__  _____

                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

February 10, 2005.

RECEIVED

2005 FEB 14 P 12: 20

FCI ELKTON
WARDEN'S OFFICE

WARDEN:

(1) I inmate Baker, has been to the FSL Medical Department on several occassion seeking treatment for a injury I sustain on February 27, 2004.

(2) I have been seeking treatment to a Orbital Fracture that occurred on February 27, 2004, and have been denied treatment by Ms. Barnes, Dr. Quinn, and the Eye Specialist, here at FSL Elkton Medical Department.

(3) I have been having excruciating pain in my left eye, and see double vision when I look up and to the left and right sides.

(4) As a result of the injury I sustained to my left eye on February 27, 2004, and I have been Retaliated against, received Deliberate Indifference, and denied my Eighth Amendment Rights.

(5) Warden, would you please look into the matter because, I am still having excruciating pain in my left eye and I am still seeing double and having double vision.

Sincerely,

/s/ _Darryl Baker_
INMATE BAKER
REG. NO.# 19613-039

## REQUEST FOR ADMINISTRATIVE REMEDY
### PART B - RESPONSE

**BAKER, Darryl Orrin**
Reg. No.: 19613-039
Remedy I.D.: 366343-F7
Qtr: Unit G/A

This is in response to your Request for Administrative Remedy receipted March 3, 2005, in which you request to be seen by an orbital specialist. In addition, you allege "retaliation, deliberate indifference, and violation of your Fifth Amendment right."

Investigation into this matter reveals you suffered an orbital floor fracture when you were assaulted on February 27, 2004, at FCI McKean but you did not seek treatment until February 29, 2004. On August 12, 2004, you were transferred to FCI Elkton. Since that time, you have been evaluated on numerous occasions by the physician assistant, the staff physician, and the Clinical Director for eye pain. You were scheduled to undergo a CT Scan of your head; however, due to technical difficulties the test was unable to be performed. The medical staff is in the process of rescheduling your test and you are tentatively scheduled March 28, 2005. A medical determination will be made pending the results of this test, and if it is clincally indicated you will be scheduled to see an orbital specialist. In addition, your medical record reveals you have received well-documented care and appropriate medical treatment. As a result, you have provided no viable evidence that staff have retaliated, shown deliberate indifference, or violated your Fifth Amendment Rights.

Based on these findings, your Request for Administrative Remedy is neither granted nor denied, but for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____          3/25/05
T. R. Sniezek, Warden              Date

UNITED STATES GOVERNMENT

# memorandum

FCI Elkton, Ohio

Date: 6/8/05

Reply to: Jane Barnes, PA-C
Attn of: Acting Assistant Health Services Administrator

Michele, Keller, D.O.
Clinical Director/URC Chairman

Subject: Community Referral Approval/Denial

To: Baker Darryl

Reg. No: 19613-039        Unit: G-A

This is to advise you that on ___6/8/05___, your medical case/condition was presented to the *Utilization Review Committee* to determine the clinical indication and/or benefit, as well as the urgency and non-urgency of referring you to the community to undergo additional diagnostic testing, and/or an evaluation by a specialist. It was the decision of the *Utilization Review Committee* that your case has been:

(approved)      disapproved            tabled at this time. (See below).

If your case has been approved, you will be scheduled in the near future to have the diagnostic testing/surgical evaluation/specialists' evaluation, etc., performed in the community. Due to security concerns, you will not be advised of the date of the referral or be provided additional information on the Escorted Medical Trip until the date of the trip. If you have any change in your condition or symptoms, report them to the Clinical Director and/or your Primary Care Provider. ***If you decide that you do not agree with the referral or testing, you MUST report to the Clinical Director (in writing) that you are not agreeing to proceed with the referral.

If your case has been disapproved at this time, it has been determined by the committee that the benefit of the referral may not be achieved, and/or, your condition can be maintained in-house. This does not mean that you do not have a legitimate medical condition; however, it indicates that the condition may not be improved by a community referral or it is currently being managed and routinely evaluated in the Chronic Care Clinic. This does not mean that your condition may not warrant future referral to the community; however, this is based on results on continued in-house monitoring, diagnostic results and/or a change in your condition. If you have any questions, you must discuss this with the Clinical Director and/or your Primary Care Provider.

If the decision to table your case was made, this indicates that you will be scheduled for an additional testing and/or evaluation and/or repeat evaluation in-house. Your case then will be presented to the Utilization Review Committee at a later date.

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

CDM624

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | BAKER DARRYL ORRIN | # 19613-039 | G-A | FSL ELKTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I HAVE BEEN RETALIATED FOR FILING GRIEVANCES AND RECEIVED DELIBERATIVELY INDIFFERENCE UNDER THE EIGHTH AMENDMENT FOR BEING DENIED MEDICAL TREATMENT BY STAFF HERE AT FSL ELKTON. STAFF HERE AT FSL THAT ARE RESPONSIBLE FOR RETALIATION ARE: MR. HOWARD COUNSELOR, BRAIN DICKINSON OFFICER, WARDEN SENIZEK, SIS LIEUTENANT MCKENNY, THIS INCIDENT OCCURRED ON AUGUST 11, 2005. ALSO, I WAS RETALIATED AGIANST BY MS. SHASTEEN ACCOUNT MANAGER

| AUGUST 24, 2005 | *Darryl Baker* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: _____

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

MENIAL
J

ELK 1330.13
April 08, 1997
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM
## FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

SUBMITTED AUGUST 10, 2005

INFORMAL RESOLUTION NUMBER: _____

INMATE'S NAME: DARRYL ORRIN BAKER      NO. #19613-039      UNIT G-A

1. Specific Complaint: RETALIATION, DELIBERATIVELY INDIFFERENCE, EIGHTH AMENDMENT VIOLATION FOR FILING GRIEVANCE BY MS. BARNES, DOCTOR QUINN, DOCTOR MOHIB SIDHOM, DOCTOR KELLER, MS. NESSUER, CASE MANAGER MR. HOWARD, MR. MARILIK,

2. Relief Requested: I AM HAVING EXCRUCIATING PAIN IN MY LEFT EYE AND NEED MEDICAL TREATMENT FORM A ORBITAL SPECIALIST.

Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

_____

_____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

_____
Inmate's Signature/Register No.          Date

_____
STAFF MEMBER'S NAME & TITLE          DATE

_____
UNIT MANAGER'S SIGNATURE          DATE

STRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

*7/2/05*
*Due Process of Law*

ELK 1330.13
April 08, 1997
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM
### FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _AIM025_    SUBMITTED AUGUST 10, 2005

INMATE'S NAME: DARRYL ORRIN BAKER    NO. # 19613-039    UNIT G-A

1. Specific Complaint  RETALIATION, DELIBERATIVELY INDIFFERENCE, EIGHTH AMENDMENT VIOLATION FOR FILING GRIEVANCE, MR. HOWARD, COUNSELOR, MS. SHASTEEN RECORDS

2. Relief Requested: NOT TO BE HARASSED BY F.S.L. STAFF.

Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

_____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

Inmate's Signature/Register No. _____    Date _____

STAFF MEMBER'S NAME & TITLE _____    DATE _____

UNIT MANAGER'S SIGNATURE _____    DATE _____

STRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | BAKER DARRYL ORRIN | # 19613-039 | G-A | FSL ELKTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I INMATE BAKER HAS BEEN REQUESTING MEDICAL TREATMENT FROM FSL ELKTON STAFF FOR OVER A YEAR CONCERNING MY LEFT EYE WHICH I SUSTAINED A INJURY. STAFF HERE HAS BEEN DELIBERATELY INDIFFERENCE TOWARD MY MEDICAL NEED, AND RETALIATED AGAINST FOR FILING GRIEVANCES. I AM STILL HAVING EXCRUCIATING PAIN AND NEED MEDICAL TREATMENT. THE FOLLOWING STAFF MEMBERS HAVE BEEN RESPONSIBLE FOR DENYING ME MEDICAL TREATMENT AND PAIN AND RETALIATION ARE: MS. BARNES, DOCTOR QUINN, DOCTOR AZIB MUHAMMID, DOCTOR KELLER, MR. HOWARD COUNSELOR, WARDEN SENIZEK.

AUGUST 24, 2005
DATE

*Darryl Baker*
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to:

ELK 1330.13
April 08, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint
informally by presenting it to a staff member." The staff member must also try to resolve the
complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _ADM 009_

INMATE'S NAME: _D. BAKER_    NO. # 19613-039    UNIT _G-A_

1. Specific Complaint: RETALIATION, DELIBERATIVELY INDIFFERENCE, EIGHTH AMENDMENT VIOLATION
FOR FILING GRIEVANCE BY MS. BARNES, DOCTOR QUINN, AND THE EYE DOCTOR.

2. Relief Requested: IAAM HAVING EXCRUCIATING PAIN IN MY LEFTY EYE AND NEED MEDICAL
TREATMENT FROM A ORBITAL SPECIALIST.

Date/Time Complaint received from inmate: _1/17/05  640m_

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _You are scheduled for CT scan of_
_face prior to seeing the specialist_

6. Date Administrative Remedy provided: _1/29/05_

7. Informal Resolution was / (was not) accomplished.

_Darryl Baker  19613-039_    _1/29/05_
Inmate's Signature/Register No.    Date

Mohamed Azam
Health Services Administrator
STAFF MEMBER'S NAME & TITLE    _1/27/05_
DATE

_____    _2-10-05_
UNIT MANAGER'S SIGNATURE    DATE

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors
shall maintain informal resolution form for future reference. If complaint is not informally resolved,
forward original resolution form, attached to administrative remedy, to the Administrative Remedy
Clerk.

<COPY

ELK 1330.13
April 08, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates" states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _CMMOLS_____    SUBMITTED: AUGUST 10, 2005

INMATE'S NAME: DARRYL ORRIN BAKER ____    NO. # 19613-039 ____    UNIT ____ G-A

1. Specific Complaint RETALIATION, DELIBERATELY INDIFFERENCE, EIGHTH AMENDMENT
VIOLATION FOR FILING GRIEVANCE, MR. HOWARD, COUNSELOR, MS. SHASTEEN RECORDS.

2. Relief Requested: NOT TO BE HARASSED BY F.S.L STAFF

Date/Time Complaint received from inmate: 8-10-05   0730

4. Date/Time Informally discussed with inmate: 8/15/05 8:30

5. Staff Response I HAVE NEVER HARASSED INMATE
BAKER OK ANY OTHER INMATE. I HAVE NOT TERMINATED
A CALL WITH ANY INMATE. INMATE BAKER HAS NOT BEEN SUBJECTED TO EXCESSIVE LINES OR
BAKER HAS INMATE BAKER BEEN SUBJECTED TO EXCESSIVE LINES OR
NOR ON CHECK OR UNUSUAL PUNISHMENT

6. Date Administrative Remedy provided: _____ 8/15/05

7. Informal Resolution was /was not accomplished.

X _Darryl Baker_ 19613039    8/15/05
Inmate's Signature/Register No.                Date

7-21-05
Naval

ELK 1330.13
April 08, 1997
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM
### FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates" states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER _____ SUBMITTED: AUGUST 10, 2005

INMATE'S NAME __DARRYL ORRIN BAKER__     NO.: #19613-039     UNIT __G-A__

1. Specific Complaint __RETALIATION, DELIBERATIVELY INDIFFERENCE, EIGHTH AMENDMENT__
__VIOLATION FOR FILING GRIEVANCE BY MS. BARNES, DOCTOR QUINN, DOCTOR MOHIB__
__SIDHOM, DOCTOR KELLER, MS. NESSUER, CASE MANAGER MR. HOWARD, MR. MARILIK,__

2. Relief Requested: I AM HAVING EXCRUCIATING PAIN IN MY LEFT EYE AND NEED
__MEDICAL TREATMENT FORM A ORBITAL SPECIALIST.__

Date/Time Complaint received from inmate: 8-10-05   0720

4. Date/Time Informally discussed with inmate: 8/15/05 335

5. Staff Response: This issue has already been
addressed by Admin. Remedy 366343-F1 in
Lance March on Early April 2005. This is untimely

6. Date Administrative Remedy provided: [signature]

7. Informal Resolution was / was (not) accomplished.

[signatures]

Inmate's Signature/Register No.



---

INFORMAL R[...]

INMATE'S NA[...]

1. Specific C[...]
VIOLATION [...]

2. Relief Re[...]

Date/Tim[...]

4. Date/Tim[...]

5. Staff Re[...]
BAKE[...]
A-Caz[...]
Na 08,
BAZI[...]

6. Date A[...]

7. Inform[...]

UNIT [...]

STAFF [...]

Inmate's Sign[...]/Register No.

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: MARCH 25, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ELKTON FCI

TO  : DARRYL ORRIN BAKER, 19613-039
      ELKTON FCI      UNT: UNIT G-A     QTR: G01-011U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID        : 366343-F7
DATE RECEIVED    : MARCH 3, 2005
RESPONSE DUE     : APRIL 12, 2005
SUBJECT 1        : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2        : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

RECEIPT - ADMINISTRATIVE REMEDY


DATE: MARCH 3, 2005


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ELKTON FCI

TO  : DARRYL ORRIN BAKER, 19613-039
      ELKTON FCI    UNT: UNIT G-A    QTR: G01-011U


THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 366343-F7
DATE RECEIVED   : MARCH 3, 2005
RESPONSE DUE    : MARCH 23, 2005
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 22, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ELKTON FCI

TO  : DARRYL ORRIN BAKER, 19613-039
      ELKTON FCI      UNT: UNIT G-A      QTR: G01-011U
      P.O. BOX 89
      ELKTON, OH 44415


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 366343-F4       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED    : FEBRUARY 22, 2005
SUBJECT 1        : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2        : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE ATTACHMENTS TO YOUR
                 INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9).

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS          : DID NOT INCLUDE COPIES OF ATTACHMENTS.
                   THIS IS BEING RETURNED AGAIN - THIRD TIME.

(EXHIBIT 5)

13–110                                                              NSN 7840-00-634-4127

| MEDICAL RECORD | | CONSULTATION SHEET |
|---|---|---|

## REQUEST

TO: OPTOMETRIST

FROM: (Requesting physician or activity) *Dennis Olson, MD, CD*

DATE OF REQUEST:

REASON FOR REQUEST (Complaints and findings)

EYE EXAM:

SUBJECTIVE:     blurs at far and near

                age 41                assaulted Feb 27th

PROVISIONAL DIAGNOSIS

                   lutin left eye socket

DOCTOR'S SIGNATURE     D. OLSON, M.D.

APPROVED

PLACE OF CONSULTATION: ☐ BEDSIDE   ☐ ON CALL

☐ ROUTINE   ☐ TODAY   ☐ 72 HOURS   ☐ EMERGENCY

## CONSULTATION REPORT

RECORD REVIEWED ☐ YES ☐ NO     PATIENT EXAMINED ☑ YES ☐ NO

Visual Acuity Distance OD 20/200   OS 20/200   TONOMETRY:   OD 17   OS 18

        Near   OD .37m   OS .37m   } uncorrected folder   0950

External   Normal 72/64   open angles dilate to examine retinas

Internal

Refraction OD −1.00 −1.25 × 180   20/20   5½ × 24 × 6 ½ × Sorenes

        OS −1.00 −1.25 × 10   20/20

Diagnosis   CMA

Analysis   requires eyeglasses   on upward gaze left eye stops

Plan   order eyeglasses   trauma to eye socket possible left superior oblique entrapment

(Continue on reverse side)

SIGNATURE AND TITLE   *Christan J. Horantos*

DATE 3/31/04

IDENTIFICATION NO.   ORGANIZATION **FCI McKean**   REGISTER NO. 19613-039   WARD NO.

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade rank; rate; hospital or medical facility)

Baker, Darryl

REVIEWED BY   DO/04 3/31/04 ordered

H. BEAM, MD FCI McKEAN

Refer for MRI of orbit

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201-9.202-1

Refer to opthalmolor

513–110    NSN 7540-00-634-4127

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

## REQUEST

TO:     OPTOMETRIST

FROM: (Requesting physician or activity)    Dennis Olson, MD, CD

DATE OF REQUEST

REASON FOR REQUEST (Complaints and findings)

EYE EXAM :

SUBJECTIVE :

PROVISIONAL DIAGNOSIS

| DOCTOR'S SIGNATURE<br><br>D. OLSON, M.D. | APPROVED | PLACE OF CONSULTATION<br><br>☐ BEDSIDE    ☐ ON CALL | ☐ ROUTINE    ☐ TODAY<br>☐ 72 HOURS    ☐ EMERGENCY |
|---|---|---|---|

## CONSULTATION REPORT

RECORD REVIEWED ☐ YES ☐ NO        PATIENT EXAMINED ☐ YES ☑ NO

Visual Acuity    Distance    OD         OS         TONOMETRY:    OD
                 Near        OD         OS                       OS

External     Compared prescription ordered on 3/31/04
Internal     to Dr Stathopoulous — Vision is 20/20
Refraction   with each correction. — essentially
                                              equal

Diagnosis

Analysis          No change required

Plan

(Continue on reverse side)

| SIGNATURE AND TITLE    Christ. J. Hernandez | DATE    4/28/04 |
|---|---|
| IDENTIFICATION NO.    4/28/04 | ORGANIZATION    FCI McKean | REGISTER NO.    19613-039 | WARD NO. |

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

Dennis Olson, MD    Baker, Darryl
Physician

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201–9.202–1

NSN 7540-00-634-4127

513–110

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

**REQUEST**

| TO: | FROM: (Requesting physician or activity) | DATE OF REQUEST |
|---|---|---|
| OPTOMETRIST | Dennis Olson, MD, CD | |

REASON FOR REQUEST (Complaints and findings)

EYE EXAM :   Did not appear for scheduled appointment

SUBJECTIVE :  went to Dr on outside trip today

PROVISIONAL DIAGNOSIS

| DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION | | |
|---|---|---|---|---|
| D. OLSON, M.D. | | ☐ BEDSIDE  ☐ ON CALL | ☐ ROUTINE  ☐ 72 HOURS | ☐ TODAY  ☐ EMERGENCY |

**CONSULTATION REPORT**

RECORD REVIEWED  ☐ YES ☐ NO          PATIENT EXAMINED  ☐ YES ☑ NO

Visual Acuity  Distance   OD            OS          TONOMETRY :        OD
                                                                        OS
               Near       OD            OS

External                    On tonntip to see ophthalmologix
Internal
Refraction                        today

                                        6/9/04

Diagnosis                               D. Olson, MD
                                        Clinical Director
Analysis

Plan

(Continue on reverse side)

| SIGNATURE AND TITLE  Christean J. Hoerantod | DATE  6/9/04 |
|---|---|
| IDENTIFICATION NO. | ORGANIZATION  **FCI McKean** | REGISTER NO.  19613 | WARD NO. |

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

BAKer

CONSULTATION SHEET

Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201–9.202–1