IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER                )
                                  )
            Plaintiff,            )
                                  )
                                  )
VS.                               )
                                  )        CA. No. 05-147 Erie
                                  )
                                  )        DISTRICT JUDGE MCLAUGHLIN
UNITED STATES OF AMERICA et al    )        MAGISTRATE JUDGE BAXTER
                                  )
            Defendants.           )
                                  )

FILED

'06 NOV 16 AII :40

CLERK
(U.S. DISTRICT COURT)


PLAINTIFF'S OBJECTION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION


NOW COMES, the Plaintiff DARRYL ORRIN BAKER,(hereinafter "PLAINTIFF")
and proceeding pro-se, and respectfully moves this Honorable Court
to GRANT all the claims submitted in the Plainitff's First and
Second Amended Complaint, and Plaintiff Oppositioin to the Defendant's
Motion to Dismiss Plaintiff's Complaint, or in the Alternative,
for Summary Judgment, and Plaintiff's Opposition to United States
Government Defendant's Memorandum of Law in Support of Defendant's
Motion to Dismiss, or in the Alternative, Motion for Summary
Judgment. The Plaintiff objects to the Magistrate Judge's Report
and Recommendation because the Magistrate Judge has overlooked and
misapprehended the material facts in this case, and for the reasons
that follow:


OBJECTION (1)


The Magistrate Judge request that this Honorble Court grant the
United States of America, et.al. (COLLECTIVELY "THE DEFENDANTS"),

Motions for Summary Judgment as to the Plaintiff's Retaliation

Claim. The Magistrate Recommendation at 1 states:

> the motion to dismiss as the retaliation
> claim should be granted as this Court lacks
> subject matter jurisdiction over this claim

The Magistrate Judges Report and Recommendation at 6 and D states

that the:

> the Federal Tort Claims Act (FTCA)
> specifically requires an intial presentation
> of claim to the appropriate federal agency
> and a final denial by the agency as a
> non-waivable prerequisite to filing of the
> law suit.

The Plaintiff is aware of the Statutory Standards of 28 U.S.C.

§2675(a) and the record show that the Plaintiff exhausted and

was retaliated against "after" the Plaintiff flied his Administrated

Tort Claim 95 Form to the Reional office. The Plaintiff filed in

his First and Second Amended Complaint that the Plaintiff was

retaliated against for filing grievance in violation of the Plaintiff

First Amendment Rights, to exercise a constitutional right. The

record show that the Plaintiff Administrative Tort Claim was received

on June 17, 2004, and immediately after the record show that the

Plaintiff was tranfered to Elkton. See (attachment 1). The record

show that the Plaintiff was unable to exhaust a Administrative

claim at Mckean because the Plaintiff was tranfered as a result.

The record show that the Plaintiff was also retaliated against when the Plaintiff commenced this law suit against the government officials and placed in administrative detention at Elkton and bogus information reports by the Staff members at Elkton and Mckean. See the Plaintiff's First and Second Amended Complaint.

## OBJECTION (2)

The Magistrate's Judge's Report and Recommendation at 1 and number 2 states:

> the motion to dismiss should be granted
> as to Defendant's FCI-Mckean Warden,
> Officer Wesemen, and the Medical Department
> as they are improper parties under the FTCA.

Also, at 7 and E  SOVEREIGN IMMUNITY

> all action brought to the FTCA must be
> brought against the United States of
> America and not in the name of the allegedly
> agency, entity or employee, 28 U.S.C.
> §§ 2671-2680; 28 U.S.C. § 1346(b). Therefore,
> FCI-Mckean, Warden, Officer Wesemen and
> the Medical Department should be dismissed
> from this acton as the only proper party to
> an FTCA acton is the United States of America.

It seems that the Magistrate Judge request that this Honorable Court

grant the Defendant's United States of America motion to dismiss

because the Plaintiff did not name the United States of America

in the caption when the Plaintiff filed his first and Second

Amended Complaint. The Plaintiff acknowledge that Congress specifically

set the statutory standard pursuant to 28 U.S.C. § 1346 that

sovereign immunity can be waived. See also 28 U.S.C. § 1346(b)

2674, 2679. If this Honorable Court agrees with the Magistrate

Judge and United State of America, the Plaintiff will show by the

United States involking the discretionary function exception that

a non-discretionary act has been committed by the government officials.

28 U.S.C. § 2680 relates to claims based upon the excercise or

performance or the failure to excercise or perfrom a discretionary

function or duty on the part of a federal agency or an employee

of the Government whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The Plaintiff will show that a material fact

exist and that the government emplyee's acts are non-discretionary.

See Plaintiff's First and Second Amended Complaint, and also,

Plaintiff's Opposition to the Defendant's Motion to Dismiss

Plainitiff's Complaint, or in the Alternative, for Summary Judgment

Plaintiff's Opplostion to United States Government Defendant's

Memorandum of Law in Support of Defendant's Motion to Dismiss, or

in the Alternative, Motion for Summary Judgment.

In Powers v. United States 996 F.2d 1121 911th Cir.1993); the

Eleventh Circuit stated: we begin with this general priciple; the

United States cannot be sued. See Dalehite v. United States, 346

U.S. 1530, 73 S.Ct. 956, 965, 97 1.Ed. 1427 91953). Congress

through the provisions of the Federal Tort Claims Act has authorized

suit against the United States : '.

> for injury or loss of property, or personal
> injury or death caused by the negligent or
> wrongful act or omission of any employee of
> government while acting within the scope of
> his office or employment, under circumstances
> where the United States, if a private person,
> would be liable to the claimant in accordance
> with the law of the place where the act or
> omission occurred.

28 U.S.C.A. § 1346(b) (West 1976). However, Congress has specifically

excepted from the FTCA's limited waiver of sovereign immunity "[a]ny

claim...based upon the excercise or perfromance or the failure to

excercise or perform a discretionary function or duty on the part

of a federal agency or an employee of the Government, whether or

not the discretion involved be abused." 28 U.S.C.A. § 2680(a)

(West 1965). In <u>Dalehite v. United States</u>, 346 U.S. 15, 73 S.Ct.

956, 97 L.Ed. 1427 (1953), the Supreme Court undertook for the

first tiem to describe the contours of this discretionary function

exception to the FTCA. the Court noted that Congress intended to

protect teh "the discretion of the executive or the administrator

to act according to one's judgment of the best course. Id. at 34

73 S.Ct. at 967. While declining to define precisely where discretion

begins and ends. The Court stated:

> "where there is room for policy judgment
> and decision there is discretion." Id.at
> 36 73 C.Ct. at 968

Since Dalehite, the Supreme Court has refined its discretionary function analysis. See United States v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed. 2d 335 (1991); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). This Court, in Autery v. United States, 992 F.2d 1523 (11th Cir.1993), has recently summarized the Supreme Court's analysis. To determine whether challenged government conduct falls within the discretionary function exception a court must engage in a two-part inquiry. Id. at 1526. First, the Court must look to the nature of the challenged conduct and consider whether the conduct involves an element of judgment or choice. Gaubert, 499 U.S. at ___, 111 S.Ct.at 1273; Autery, 992 F.2d at 1526. The exception does not apply where a federal statute or regulation " specifically prescribes a coures of acton for an employee to follow." Gaubert, 499 U.S. at ___, 111 S.Ct. at 1273. (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1985; Autery 992 F.2d at 1526; see, e.g.; Phillips v. United States, 956 F.2d 1071, 1074-77 (11th Cir.1992) (no discretion in Army Corps of Engineers implementation of mandatory safety responsibilitites); Dickerson, Inc. v. United States, 875 F.2d 1577, 1581-82 (11th Cir.1989)(do discretion where EPA Policies specifically prescribed course of action for waste removal). or, as this Circuit has stated the converse of this proposition, if a government official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable

standard the decision he makes is discretionary and within the

discretionary function exception. " Alabama Eletrict Cooperative,

Inc. v. United States, 769 F.2d 1523, 1539 (11th Cir.1985) (quoting

Miller v. United States, 710 F.2d 656, 663 (10th Cir); cert. denied

464 U.S. 939, 104 S.Ct. 352, 78 L.Ed. 316 (1983)); see. e.g.,

Brackin v. United States, 913 F.2d 858, 860-61 (11th Cir.1990)

(discretion where guidelines for reconstitution of farmland fixed

no readily acertainable standard); Hart v. United States, 894 F.2d

1539, 1546 n.8 (11th Cir), cert denied, 498 U.S. 980, 111 S.Ct.

509, 112 L.Ed.2d 521 (1990)(discretion where there were no specific

mandatory guidelines for the government's indentification of the

remains of servicement). The relevant inquiry is whether the

controlling statute or regulation mandates that a government agent

perform his or her function in a specific manner, see Autery, 992

F.2d at 1538. Second, the Court must determine whether the judgment

excercised is of the kind that the discretionary function exception

was designed to shield. "Gaubert, 499 U.S. at ___, 111 S.Ct. at

536, 108 S.Ct. at 1959); Autery, 992 F.2d at 1526-27. By providing

an exceptoin from liability for discretionary functions, Congress

sought to prevent judicial second-guessing of legislative and

administrative decisions gruonded in social, economic, and political

policy through the medium of an action in tort." Gaubert, 499 U.S.

at ___ S.Ct. at 2765).(quoting Varig Airlines, 467 U.S. at 814

104 S.Ct. at 2765). The Court must decide, therfore, whether the

challenged actions taken by a government agent are "susceptible

to policy analysis." Autery, 992 F.2d at 1531 (quoting Gaubert,

499 U.S. at ___, 111 S.Ct. at 1275). In Fisher Bros. Sales, Inc.

v. United States; 46 F.3d 279 (3rd Cir.1995); This Court stated

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680,

waives the federal government's sovereign immunity with respect

to tort claimes for money damages. The "discretionary function

exception" to the FTCA limits that waiver, stating that the government

retains sovereign immunity with respect to [a]ny claim...based

upon the exercise or performance [of] or the failure to excercise

or perform[,] a discretionary function or duty..., whether or not

the discretion involved be abused." 28 U.S.C. § 2680(a). See also;

Sea-Land Service, Inc. v. U.S.A., 919 F.2d 888 (3rd Cir.1990);

Gotha v. United States; 115 F.3d 176 (3rd Cir.1997).

The record show that the Plaintiff brought his complaint against

the United States Government Officials at FCI Mckean while acting

within the scope of there employment under circumstances where the

United States if a private person, would be liable to the claimant

in accordance with the law of the place where the act or omission

occurred.

Therefore, dispite the Plaintiff not naming the United States of

America, in the Plaintiff First and SEcond Amended Complaint, the

Plainttiff brought his complaint that the negligent or wrongful act

or omission of the employee's of the government while acting within

the scope of there employment and they are not immune from suit.

The Plaintiff is awarethat in order for sovereign immunity to be

waived, the Plaintiff must set forth material facts and show that

the discretionary function exception is non-discretionary and meet
the two-prongs set out in Berkovitz and Gaubert: _Infra_; Also, the
record show that the United States of america has been subsituted
for the Government Officials at FCI Mckean and there is no prejudice
suffered.


## OBJECTION (3)


The Plaintiff also ojects to the Magistrate Report and Recommendation
at (1) and (3) and also at page 7 and F: THE DISCRETIONARY FUNCTION
TO THE FTCA

The Magistrate Judge in it's Report and Recommendation did not
address the material facts in this case. The record shows that the
disxretionary function exception is not implicated in this case.
See 28 U.S.C. § 2680(a) Federal Tort Claim Act. The record show
in the Plaintfiff's First and Second Amended Complaint, and also,
in the Plaintiff's Opposition to the Defendant's Motion to Dismiss
Plaintiff's Complaint, or in the Alternative, for Summary Judgment
and Plaintiff's Opposition to United States Government Defendant's
Memorandum of Law in Support of Defendant's Motion to Dismiss, or
in the Alternative, Motion for Summary Judgment that the record
and material facts show that the Defendant's has committed a non-
discrectionary act pursuant to the FTCA's Discretionary Function
Exception. The record show that subject matter jurisdiction has
been established and sovereign immunity waived when the Defendant's

committed a non-discretionary act by violating the Warden's Regulation
and Policy while acting negligently in their official capacities.
The record show that Officer Wesemen did not use judgment or choice
when he left the Unit unattended when the regulation implemented
by the Warden specifically instructed duties to follow. See ⟨ ⟩
(attachment 2 Wardens Declaration). The record shows that the
Warden was aware that the BOP did not have a policy on how to
deploy officer's in the Unit, also, the record show that the Warden
James Sherman implemented his on Regulation and instruction for
the Officials to follow. The record show that the Warden was aware
that 28 U.S.C. § 4042 did not give instructioin to Officials to
follow so the Warden implemented his own Regulation. See (attachment
2 Wardens Declaration). The Plaintiff is aware that in order to
establish subject matter jurisdiction the Plaintiff must show
throught material evidence that the discretionary function exception
do not apply because it is a prerequisite to suit. The record
show that the Warden's Declaration was violated by Officer Wesemen,
and subject matter jurisdiction has been established. Therefore,
12(b)(1) does not apply at this stage of the proceeding.

The Plaintiff is aware that the Statute 18 U.S.C. § 4042 did not
set forth any manner by which the BOP must fullfill this duty, and
the statute set forth no particular conduct the BOP personnel
should engage in or avoid while attempting to fullfill their duty
to protect inmates. But, the Warden's James F. Sherman's Declaration

gave the Officers at FCI Mckean responsibilities to follow and these regulations and policies was in affect on February 27, 2004, at the time of the assault, and this carelessness by Officer Wesemen, leaving tghe Unit unprotected was based on judgment or choice becasue he did not follow the instruction by the Warden and is not shieleded by the discretionary function exception because of his negligence. See (attachment 2 Wardens Declaration). The Warden's Declaration specefically gave Officer's at FCI Mckean responsibilities and the Warden was aware that there was no BOP Regulartion or Policy in effect. In fact, the Warden's Declaration at page 1 and 3 states:

> to my knowledge, on February 27, 2004, there was no BOP Regulation or Policy in effect which dictated the number of correctional officers, the placement of correctional officer's posts within a federal correctional institutio, or the specific duties assigned to posts within BOP Facility. The authority to determine the number, placement and specific duties of correctional officers within a BOP Facility was and continues to be a matter within the discretion of each BOP Warden during normal operations as well as during emergency situations.

See (:Plaintiffiff's Second Amended Complaint and Opposition to United States Motion for Summary Judgmnet and also, Plaintiff's Opposition to the Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alter native, for Summary Judgment Plaintiff's Opposition to united States Government Defendant's Memorandim of Law in Support of Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment.

TAP NUBER'S
AND COPY

The Plaintiff alleged and asserted that when the Plaintiff was assaulted on February 27, 2004, that the Government Official Officer Weseman, was not in the Unit at the time of the attacks taken place. See ("First and Second Amended Complaint and Plaintiff's Opposition to Defendant's First Motion for Summary Judgment").

The record show that the Warden at FCI-Mckean james F. Sherman, stated in his Declaration that:

> 3. To my knowledge, on February 27, 2004, there was no BOP regulation, or policy, in effect which dictated the number of correctional officers, <u>the placement of correctional officer posts within a federal correctional or the specific duites assigned to correctional officers assigned to post within a BOP facility. The authority to determine the number, placement and specific duties of correctional officers BOP facility was and continues to be a matter within the discretion of each BOP Warden during normal operaton as well as during emergency situations.</u> See (attachment 2)

It is obvious that, the BOP did not have a regulatoin or policy to discribe a paticular duties for a correctional officer to follow and that discretion was left solely to the Warden at every BOP facility, and that the Warden at FCI-Mckean could implement the duties and responsibilities for officer's to follow during normal and emergency situations at FCI-Mckean.

The Declaration of the Warden continues to state that:

> 4. As the Warden at FCI-Mckean in February 2004,
> it was my duty to determine how best to deploy
> correctional officers and other staff to the
> various posts within the compound, based upon
> the sucurity needs of the institution and the
> effective use of limited resources.

From the above statement from the Warden, james F. Sherman, which

states how ("best to deploy correctional officers and other staff

to the various posts within the compound") that the Warden was

placing officers based upon security needs and limited resources

to each housing Unit one officer and discribed the duites and

responsibilities that the officer was to follow because of limited

resources he had avaliable. Plaintiff note that this Declaration

states taht, this was implemented  and still enforced on February

27, 2004, before and after the assault.


The Wardens, James F. Sherman, Declaration also states at para. 5:


> 5. In <u>February 2004,</u> it was my determination, based
> upon staffing levels, professional experience,
> and institutional needs, that one correctional
> officer would be posted on each side of each
> housing unit. <u>This Unit Officer would be</u>
> <u>resonsible for supervising the inmates inside</u>
> <u>the housing Unit by making frequent rounds</u>
> <u>through all areas of the Housing Unit, conducting</u>
> <u>safety and sanitation inspections, distributing</u>
> <u>cleaning supplies, passes out mail, and conducting</u>
> <u>cell searches and pat searches of inmates inside</u>
> <u>the Housing Unit.</u>


The record show through the Warden James F. Sherman that the

responsibility of Officer's at each Unit was to conduct and supervise
the inmates inside the Housing Unit, by faking frequent rounds
through all areas of the Housing Unit, conduct safety and sanitation
inspections, distributing cleaning supplies, passess out mail, and
conduct cell searvhes and pat searches of inmates, inside the Housing
Unit. This responsibility was for the Officers to adhere and was
to be followed by the Officers in each Unit at FCI-Mckean.


The Supreme Court states in Berkovitz, and Gaubert, that:


> In order forthe excepton to apply, two requirements
> must be met. First, as its label suggest, this
> exception shields the government from suit only
> when the complained-or act is discretionary, in the
> sense that it "involves an elemet of judgment or
> choice". Gaubert, 499 U.S. at 322, 111 S.Ct. at
> 1273, quoting Berkovitz v. United States, 486
> U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d
> 531 (1988). Thus, where a "federal statute, regulation
> or policy prescribes a course of action for an
> employee to follow" and the employee devieates from
> that course, his/her acts are not immune from suit.
> Gaubert, 499 U.S. at 322, 111 S.Ct. at 1273, quoting
> Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958.


The Warden, James F. Sherman, gave all Officers at FCI-Mckean a
regulation and policy for Officer's to follow and if they do not
hadhere to the directive or deviates  from that regulation or
policy, the Supreme Court states that employees are not immune from
suit.

The record show from the Declaration of Brian Weseman, beginning

at para. 2, which states:

> 2. On February 27, 2004, I was assigned to the Custody
> Post of Evening Watch Unit Officer in Unit A at
> FCI McKean. This post ran form 4:00 p.m. through
> 12:00 a.m. As the Unit Officer, I was required to
> be inside Housing Unit A <u>as well as outside of
> the entrance of Unit A during controlled inmate
> movements</u>. As the Unit Officer, I was responsible
> for making security inspections inside the unit,
> conducting cell searches, conducting pat searches
> of inmates entering the housing unit, patrolling
> the unit, and making rounds through inmate cells,
> bathrooms and common areas, among other duties.

At the beginning of Officer Weseman, Declaration, it states a

contradiction from the responsibilities of the Wardens, regulation

and policy, because the Warden, never stated in his Declaration

that ("as well as outside of Unit entrance of Unit A during controlled

inmate movement"). The regulation and policy, by the Warden at

FCI Mckean, did not state the above and this is a non-discretionary

act and the Defendant's are not shielded from suit.

Also, the Declaration of Officer Weseman states at 4 that;

> 4. On February 27, 2004, at approximately 8:15 p.m.
> <u>I was standing outside of the entrance to Unit A
> monitoring inmates returning to the Unit during
> the last controlled inmate movement of the day
> in preparation for the 9:00 p.m. count</u>. During
> the last inmate controlled movement inmates are
> permitted to return from places outside of the
> hosing Unit, including but not limited to, the

> recreation areas, the education department, the
> education department, the law library, psychology
> serivice, or religious service, in order to be
> present in their cells for the 9:00 p.m. count.
> <u>During this controlled movement, I would stand</u>
> <u>outside the entrance of Unit A, and conduct</u>
> <u>random checks of inmate identification cards</u>
> <u>and pat searches of inmates entering the housing</u>
> <u>Unit.</u>

It is obvious from the record and Declaration of Officer Weseman,

that the responsibilities and descretion was abused from the

regulation and policies, that the Warden, instructed Officer's to

follow, and the action taken by Officer Weseman, is not grounded

in the policy of the regulatory regime. Officer Weseman, concedes

to the Plaintiff Complaint and Second Amended Complaint, because

he states that he was standing outside at the time of the attackes

by Latin King Gang Members. See (Plaintiff's First, and Second

Amended Complaint, and the Plaintiff's Opposition to United States

request for Summary Judgment).

The record show that the Warden, James F. Sherman, specifically

prescribed a particular course of action and responsibility for

Officer's to follow and officer's had no right of deviating from

that course. See Berkovitz, which states:

> The Court adopted a two-stage inquiry" <u>First</u>,
> a court must consider must consider if " a
> federal statute, regulation or policy,
> specifically prescribes a course of action for
> an employee to follow." 486 U.S. at 536, 108
> S.Ct. at 1958. <u>If so, " the employee has no</u>
> <u>rightful option but to the employee has no</u>
> <u>option but to adhere to the directive.</u>

Therefore, this negligence by Officer Weseman, leaving the Unit
unprotected and standing outside is a non-discretionary act and
violated the Wardens, regulation, and policy, and sovereign immunity
is waived because the Defendant's profromed duties was a non-
discretionary act by not following the responsibilities which the
Warden instructed Officer's to follow, and the Plaintiff has sustained
present and future injuries as a result of this non-discretionary
act by the defendant's. See (Plaintiff First and Second Amended
Complaint and Opposition to United States Motion for Summary Judgment).

Also, by the Defendant Officer Weseman, negligence carelessness by
leaving the Unit unprotected, the law states in Cculthurst v. United
States, 214 F.3d 106 (3rd Cir.2000); under various fair readings of
the complaint, this case similarly involves negligence unrelated
to any plausible policy objectives. An inspector's decision
(motivated simply by laziness) to take a smoke break rather than
inspect the machines, or an absent minded or lazy failure to notify
the approriate authorities upon noticing the damaged cable, are
examplesof negligence fairly encompassed by the allegation of the
complaint that do not involve "considerations of public policy.
"Gaubert, 499 U.S. at 323, 111 S.Ct. 1267. Such actions do not reflect
the kind of consideration judgment "grounded in social, economic,
and political policy" which the DFE is intended to shield from
"judicial second-guessing." United States v. Varig Airlines, 467
U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). If the Plaintiff
can establish that negligence of this sort occurred, his claims
are not barred by the DFE, and he is entitled to recover under the FTCA.

The above states that it was the WArden who determines how to deploy Officer's and where to place them in the Housing Unit, and also, the responsibilities to follow. Therefore, the Warden was aware that 18 U.S.C. § 4042 did not provide a direct manner in which the BOP Staff was to carry out there duties, so, the Warden James F. Sherman, implemented this own regulation and policies and gave responsibilities, for officers to follow and they had no alternative but to follow that directive, and adhere to it. See Gaubert, 499 U.S. 315, 325, 111 S.Ct. 1267. Officer Wesemen, violated these regulations and policies when he was outside from 8:15 to 9:00 p.m., when the Plaintiff was assaulted and Officer Wesemen, performed a non-discretionary act and is not shielded from suit be the Plaintiff, because it was not absed on a element of judgment of choice. and Officer Wesemen is not shielded by the FTCA discretionary function exception.

Wherefore, the Plaintiff request that this Honorable Court examine the material facts and attachments, and affidavits, because the affidavits that was submitted states that the inmates saw that Officer Wesemen, was not in the Unit when the Plaintiff was assaulted in this case and this Honorable Court will agree that sovereign immunity and subject matter jurisdiction has been waived and the Defendant's has committed a non-discretionary act and the discretionary function exceptioi does not apply in this case. Also,, in Cohen v. United States, 151 F.3d 1338 (11th Cir.1998); The Court stated where Gongress has granted an agency discretion in implementing a

regulatory statute, the Agency's promulgation of regulation or
guidelines describing how it will use that discretion is protected
by the discretionary function exception. See Gaubert, 499 U.S. at
323, 111 S.Ct. at 1274. Furthermore, if the regulation or guidelines
mandates particular conduct, and the [agency's] employee obey's
the discretion, the Government will be protected [by the discretionary
function exception] because the action will be deemed in furtherance
of the policies which led to the promulgation of the regulation
[or guideline.]" Id. at 324, 111 S.Ct. at 1274, on the other hand,
"[i]f the employee violateds the mandartory regulation [or guideline]
there will be no shelter from liability because there is no room
for choice and the action will be contary to policy. The record
show that the Warden implemented his on regulation and policy and
Officer Wesemen, did not follow it by leaving the Unit unattended.
In <u>Palay v. United States</u>, 349 F.3d 418 (7th Cir.2005); the Court
cited Coulthurst, 214 F.3d at 109, which stated:

> as in Coulthurst, it is easy to imagine a
> scernario in ehich MCC Officials behaved in
> a negligent fashion, but without making the
> types of discretionary judgments that statutory
> exception was intended to exempt from liability.
> <u>Perhaps the correction officer monitoring the
> holdover Unit at the time that the gang altercation
> broke out was simply asleep, for example, or perhaps
> he left the Unit unattended in order to injoy a
> cigarette or a snack</u>.

That type of carelessness would not be covered bythe discretionary
function exception, as it involves no element of choice or judgment

grounded in public policy considerations. Coulthurst, 214 F.3d at

109-10; Santana-Rosa supra, 335 F.3d at 45 (discussing United

States v. Muniz, supra, 374 U.S. at152, 83 S.Ct. at 1852); see

also Gaubert, 499 U.S. at 325, n.7, 111 S.Ct. at 1275, n.7 In

bact, in Coulthurst v. United States, 214 F.3d 106 (nd Cir.2000);

the Court stated:

> under various fair readings of the complaint,
> this case similarly involves negligence unrelated
> to any plausible policy objectives. An inspector's
> decision (motivated simply by laziness) to take a
> smoke break rather than inspect the machines, or
> an absent-minded or lazy failure to notify the
> appropriate authorties upon noticing the damaged
> cable, are examples of negligence fairly incompassed
> by the allegations of the complaint that do not
> involve "consideratoins of public policy", Gaubert,
> 499 U.S. at 323 111 S.Ct. 1267.

Such action do not reflect the kind of considered judgment "grounded

in social, economic, and polictical policy" which the DFE is intended

to sheild from" judicial second-gussing." United States v. Varig

Airlines, 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

If the Plaintiff can establish that negligence of this sort occurred

his claims are not barred by the DFE,and he is entitled to recover

under the FTCA.

From the above law, the Plaintiff's record show that the Warden

implemented a Regulation and Policy based on his knowledge that

the BOP did not have one. See (attachment 2 Warden's Declaration).

The Plaintiff's records show that based on Officer Wesemen Declaration

he conceded that he was not in the Housing Unit when the Plaintiff

was assaulted and Officer Wesemen was out of the Housing Unit

for one hour. The record of the Warden instructed the responsibilities
of all Officer's conduct was to be performed insided the Housing
Unit and there is no-where in the Warden's Declaration that states
perform duties and responsibilities outside of the Housing Unit.
See (attachment 2 Warden's Declaration). Wherefore, by Officer
Wesemen leaving the Housning Unit unattended he is not sheilded by
the discretionary function exception.

### OBJECTION (4)

The Magistrate Judge's Report and Recommendation states at page
1 and page 10:

> (1) the motion for summary judgment as
> to the medical negligence claim should
> be dismiss without prejudice

at 10:

> G. because Plaintiff is an incarcerated pro-se
> litigant, he has no opportunity to offer an
> expert witness in opposition to the pending
> motion for summary judgment. In the interest
> fairness and because this Court is bound by
> the dictates of Haines v. Kerner and its progeny,
> this Court will see counsel to represent Plaintiff.
> The Government's motion for summary judgment
> should be dismissed without prejudice at this
> stage of the proceedings.

The Plaintiff agree's with the Magistrate Judge that a expert
witness is needed to prove that the Defendant's neglegent act's
caused the Palintiff injuries and also, the material facts will
prove from the medical documents that the Plaintiff received a

past and present and future injury and the Defendant's negligent
acts were foreseeable through causation. The record show that the
Plaintiff sustained a permanent injury from the delay of the
Defendant's negligent acts and a expert witness will testify with
a medical certainty to the medical facts of this delay and neglegence
that the Defendant's are foreseeable for these acts and the way
medical staff treated the Plaintiff. See (attachment 3 medical
document's), and also, the Plaintiff's First and Second Amended
Complaint, and also, Plaintiff's Opposition to the Defendant's
Motion to Dismiss Plaintiff, Complaint, or in the Alternative for
Summary Judgment, Plaintiff Opposition to United States Government
Memorandum of Law in Support of Defendant's Motion to Dismiss, or
in the Alternative, Motion for Summary Judgment.

In Palay, v. United States, 349 F.3d 418 (7th Cir.2003); the Court
stated that, it is a basic rule of tort law that the original
tortfeasor is responsible not only for the injury directly resulting
from the tort but also for aggravation of that injury caused by
negligence in the medical treatment occasioned by the injury, e.g.,
Selbe v. United States, 130 F.3d 1265, 1267 (7th Cir.1997);
Brownell v. Figel, 950 F.2d 1285, 1294 (7th Cir.1991); Gertz v.
Campbell, 55 Ill. 2s 84. 302 N.E.2d 40, 43 (1973). So, in the
event that Palay prevails on either of his other claims, he would
be entitled to damages for both his original injuries and any
aggravation of those injuries resulting from the manner in which
the preson's medical staff treated him.

OBJECTION (5)


The Magistrate Judges Report amd Recommendation state at page 1
and page 11:


> (1) the motion to dismiss should be granted as to the
> Plaintiff's request for punitive damages and Plaintiff's
> demand for a jury trial.


> H. Punitive Damages and Request for Jury Trial
> Plaintiff's demand for punitive damages as well
> as his request for trial by jury are precluded
> by the FTCA. 28 U.S.C. § 28 U.S.C. § 2674 ("the
> United States...shall not be liable ...for punitive
> damages."); 28 U.S.C. § 2402. Therefore, both should
> be dismissed.


The Plaintiff acknowledge that in the Plaintiff's First and Second Amended

Complaint that the Plaintiff raised:

> A. negligence of the Medical Department Defendant's and
> being the proximate cause of the Plaintiff's injuries.

> B. Plaintiff's demanded for a Trial by Jury or a Bench Trial
> by this Honorable Court.

> C. Award the Plaintiff money damages against the Federal
> Agency or the Defendant's United States and Government
> Officials.

> D. Award the Plaintiff compensatory damages against the
> Defendant's Government Officials and the claim submitted
> to the Federal Agency. see (attachment 1)


If this Honorable Court GRANT'S the Defendant's Motion to Dismiss on

punitive grounds and deny a jury trial, the Plaintiff request a Bench Trial

and award the Plaintiff the damages against the Federal Agency pursuant to

1346(b) and 28 U.S.C. 2674-2680. And also, a mount for damages for compensatory

damages, and for the negligent acts for proximate cause, and whatever is fair

and just for the present and future and permanent injuries the Plaintiff sustained.

CONCLUSION

(1) The Plaintiff request that this Honorable Court GRANT a Bench Trial because the Plaintiff record demonstrate in this case and show that Officer Wesemen, vilated the Regulation that was implemented by the Warden and subject matter jurisdiction has been established, and the Medical Department negligent acts are the proximate cause of the Plaintiff injuries and these negligent acts are foreseeable to the medical defendants.

(2) The record show that the Warden was aware that the BOP pursuant to Title 18 § 4042 did not have procedures for BOP Officials to follow, so the Warden implemented his own Regulation for Officer's responsibilities.

(3) That subject matter jurisdiction, has been established by Officer Wesemen, leaving the Housing Unit and violating the Warden's Regulations and the responsibilities implemented by the Warden.

(4) Sovereign Immunity has been waived pursuant to the FTCA when Officer Wesemen did not follow the instruction and responsibilities that was implemented by the Warden.

(5) The Affidavits and medical records, and documents show that there is a material fact exist for this Honorable Court to GRANT a Bench Trial in this case.

(6) The Plaintiff requested in his First and Second Amended

Complaint:

    A. Award the Plaintiff damages against the Negligence
       of the Medical Department Defendant's for being
       the proximate cause of the Plaintiff's injuries.

    B. Award the Plaintiff a Jury Trial or a Bench Trial
       for past, present, and futute damages the Plaintiff
       sustained at teh negligence of the Government Officials.

    C. Award the Plaintiff money damages against the federal
       agency or the Defendant's United States of America
       and Government Officials for the negligent acts of the
       the Defendant's.

    D. Award the Plaintiff compensatory damages against the
       Defendant's Government Officials.

(7) That the Discretionary function exception does not apply
because Officer Wesemen violated the responsibilities and the
Regulations implemented by the Warden.

(8) The Defendant's Medical Department are proximate cause of the
Plaintiff past, and present and futute injuries.

(9) Award the Plaintiff whats far and just for the past, and
present and future and permanent injury the Plaintiff sustained
from the negligence of the Government Officials.

                    Respectfully submitted

BY: _____
       Darryl Orrin Baker
       Reg. No.# 19513-039
       Federal Prison Camp
       P.O. Box 2000
       Lewisburg, Pa.
       17837