IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER, )
)
    Plaintiff, )
)
)
VS. )  '07 JAN -4  A1:38   CIVIL ACTION NO. 05-147-ERIE
)
)  DISTRICT COURT JUDGE
)  HONORABLE SEAN J. MCLAUGHLIN
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

LEAVE TO FILE A RULE 59(e) MOTION TO
ALTER OR AMEND JUDGMENT GRANTING THE
UNITED STATES, DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff Darryl Orrin Baker, (hereinafter "PLAINTIFF"), and proceeding pro-se, and respectfully moves this Honorable Court for leave to File a Rule 59(e) Motion to Alter or Amend Judgment Granting the United States, Defendant's Motion for Summary Judgment. The Plaintiff request that this Honorable Court reverse it's Memorandum order, because this Honorable court has overlooked and misapprehended material facts in the Plaintiff's case and for the reasons that follow.

    (1) The Plaintiff received this Memorandum Order on December 18, 2006. See, (attachment 1)

    (2) This Honorable Court stated in it's Memorandum that, this Court was adopting the Magistrate's Report and Recommendation.

    (3) When this Honorable Court adopted the magistrates's Report and Recommendation, this Court overlooked the fact that, the Magistrate Judge did not mention anything about the Plaintiff's facts or this case. In fact, the Magistrate Judge just cited law, and did not address the material documents against the Defendant's pursuant to 12(b)(6), that the Plaintiff's factual allegation should be considered as true.

(1)

(4) This Honorable Court stated in it's Memorandum Order that, this Court has reviewed the Plaintiff's material documents but did not follow Fed. R. Civ. P. 12(b)(6) and 56(c), and construe, all the Plaintiff's facts as true.

(5) The Plaintiff record shows that, the Plaintiff submitted Affidavits, and Affidavits of witnesses, and medical documents that where submitted and should have been accepted as true pursuant to 12(b)(6) and Rule 56(c).

(6) Concerning subject matter jurisdiction, 12(b)(1), and sovereign immunity the Plaintiff had to show that a non-discretionary act was committed by the Federal employee's pursuant to the FTCA's Discretionary Function Exception.

## RETALIATION CLAIM

The Plaintiff's Constitutional Rights under the First Amendment has been violated as a result of the Defendant's retaliation for filing grievances. The Plaintiff has presented material evidence that shows that the Plaintiff was retaliated against. In fact, the record shows that the Plaintiff averred that, the Plaintiff filed in his First and Second Amended Complaint that the Plaintiff was retaliated against for filing grievances in violation of the Plaintiff's First Amendment Rights to file Grievance. The record show that the Plaintiff Administrative Tort Claim was received on June 17, 2004, and immediately after, the record show that the Plaintiff was transferred to Elkton. See **(attachment 2)** The record show that the Plaintiff was unable to exhaust a administrative claim against the Defendant's because the Plaintiff the Plaintiff was transferred as a result of filing grievances. The record show that these occurrance happened <u>after</u> the Plaintiff filed these grievance. See **Ray v. Kertes,** 285 F.3d 287 (3rd Cir.2002); **Brown v. Croak,** 312 F.3d 109 (3rd Cir.2002).

Therefore, the Plaintiff request that this Honorable Court reveres it's ruling on this claim, because this Honorable Court overlooked the facts and the Plaintiff allegations. See **Simpson v. Nickel,** 450 F.3d 303 (7th Cir.2006); which stated; this treatment went wrong at the first step; the belief that complaints must lay out facts corresponding to every "element" of a legal theory. That is a code-pleading "claim" (which is to say, grievances) rather than legal theories and factual specifics. See e.g., **McDonald v. Household International, Inc.,** 425, 427-28 (7th Cir.2002); **Bartholet v. Reishauer A.G. (Zurich),** 953 F.2d 1073, 1077-78 (7th Cir.1992). The Supreme Court drove the point home in **Swierkienicz v. Sorema N.A.,** 539 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), holding that plaintiff's need not allege either the factual or legal "element" of a prima facie case under the emplyment-discrimination laws. That conclusion is equally applicable to every other federal claim. Its is why [a]ny district judge (for that matter, any defendant) tempted to write this complaint is deficient because it does not contain...should stop and think; what rule of law requires a complaint to contain that allegation? **Doe v. Smith,** 429 F.3d 706, 708 (7th Cir.2005)(emphasis in original). It is also why "[a]ny decision declaring this complaint is deficient because it does not allege x is a canidate for summary reversed. Unless x is on the list in Fed. R. Civ. P. 9(b). **Kolupa v. Roselle Park District,** 438 F.3d 713, 715 (7th Cir.2006). The truth of a prisoner's prior statements is not among the matters that must be pleaded with particularity, and a complaint therefore, may not be dismissed for omission of this allegation.

This Honorable Court overlooked the fact that the Plaintiff was retaliated against for filing grievances.

        THE MOTION TO DISMISS IS GRANTED AS TO
        DEFENDANT'S FCI-MCKEAN, WARDEN, OFFICER
        WESEMEN, AND THE MEDICAL DEPARTMENT AS
        THEY ARE IMPROPER PARTIES UNDER THE FTCA

This Honorable Court adopted the Magistrates Recommendation stating that these Government officials are improper parties. The Magistrate Recommendations states at 7:

> All action brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. 2671-2680: 28 U.S.C. 1346(b).

This Honorable Count overlooked the facts that these of these statutory requirements. Miller v. Philadelphia Geriatric Center, 463 F.3d 266 (3d Cir.2006); This Court stated; on September 21, 1999, Miller commenced legal action against the Philadelphia Geriatric Center, Bongidrno, Markowitz and Moreno, by filing a praecipe for a writ of summons in the Court of Common of Philadelphia County. Her complaint was filed on March 1, 2000, Moreno was an employee of Greater Philadelphia Health Action Inc., a federally funded health center. Because the GFHA is a grantee of the Federal Department of Health and human Services, its employees are considered employees of the Public Health Service, a federal agency. Federal jurisdiction existed. Therefore, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, the matter was removed to the United States District Court for the Eastern District of Pennsylvania. The united States was subsequently properly substituted for Moreno as a party to this litigation. On October 20, 2000 the District Court dismissed Miller's claims against the United States without prejudice because she failed to exhaust the available administrative remedies. The remaining claims were later remanded to state court. Miller then filed an administrative claim with the United States Department of health and Human Service on December 12, 2000. Not having received a decision from the Department after waiting more than six months, Miller filed an action in the district court on October 24, 2001 in which she named the United States as a defendant pursuant to the FTCA. On February 26, 2002,

Markowitz filed an answer and cross-claim against Moreno in the remanded states court action, and the state court claims were removed to the District Court and consolidated with her newly filed federal court action. Foot note 2 states:

> Henry Miller died on September 23, 1997, and Vicky Miller filed her suit on September 21, 1999, within the limitations period. The United States was <u>substituted</u> for Dr. Carlos Moreno, for the FTCA claims pursuant to 28 U.S.C. 2679 which governs suits against federal employees acting in the scope of their employment. The District Court then dismissed Miller's case for failure to exhaust her administrative remedies on October 20, 2000, Under 28 U.S.C. 2679(5)(A)(B), whenever the United States is <u>substituted</u> as the defendant under this section and the action is dismissed for failure to first present the claim to the appropriate federal agency; the claim is deemed timely under 28 U.S.C. 2401(b) "if the claim would have been timely had it been filed on the date the underlying civil action was commenced and the claim is presented to the appropriate federal agency within 60 days after the dismissal of the civil action". Id. Miller filed her administrative claim with the Department of health and Human Services on December 12, 2000, within the 60 days statutory requirement. See 28 U.S.C. 2679(5)(B). Therefore, after failing to get a response from the agency, her suit against the United States, refiled on October 24, 2001, was treated as if it was filed on September 21, 1999.

28 U.S.C.S. 2679(d)(1) states:

> Upon certification by the Attorney General that the Defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States District Court shall be deemed an action against the United States under the provisions of this Title and all references thereto, and the United States shall be <u>substituted</u> as the party Defendant.

28 U.S.C.S 2679(5)(B) states:

> Whenever an action or proceeding in which the United States is <u>substituted</u> as the party Defendant under this subsection

(5)

>    is dismissed for failure to present a claim pursuant to
>    Section 2675(a) of this Title [28 USCS 2675(a)] such a
>    claim shall be deemed to be timely presented under Section
>    2401(b) of this Title [28 USCS 2401(b) if-
>
>    (A) the claim would have been timely had it been filed on the
>        date underlying civil action was commenced, and
>
>    (B) the claim is presented to the appropriate federal agency
>        within 60 days after dismissal of the civil action.

The record show that the Plaintiff has met the timely limit when the Plaintiff filed his administrative claim to the federal agency and this Circuit case law and the statutory provisions state that the Government Employees's can be sued while acting within the scope of their employment and the United States can be <u>substituted</u> as the Defendant's. The Plaintiff's record shows that the Plaintiff filed his administrative claim to the appropriate agency in the timely fashion.

### SOVEREIGN IMMUNITY

The Plaintiff is aware that in order to show that sovereign immunity do not exist, the Plaintiff must show that under the Federal Tort Claims Act ("FTCA"), the Defendant's acts was a non-discretionary act and was committed by the Government Employee's . See <u>Coulthurst v. United States,</u> 214 F.3d 106 (2nd Cir.2000), which states under traditional principles of sovereign immunity, the United States is immune from suit except to the extent the government has waived its immunity. In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees. See 28 U.S.C. 1346(b), 2671 et seq1 In relevant part, the FTCA, 28 U.S.C. 1346(b)(1), authorizes suits against the government to recover damages

>    for injury or loss of property, or personal injury or death
>    caused by the negligent or wrongful act or omission of any

> employee of the Government while acting within the scope of
> his office or employment, under circumstances where the United States,
> States, if a private person, would be liable to the claimant
> in accordance with the law of the place where the act or omission
> occurred.

A significant limitation on the waiver of immunity provided by the Act is the exception known as the DFE, 28 U.S.C. 2680(a), which provides that Congress's authorization to sue the United States for damages

> shall not apply to ...[a]ny claim... based upon the exercise or
> performance or the failure to exercise or perform a discretionary
> function or duty on the part of...an employee of the Government,
> whether or not the discretion involved be abused.

Over the last decades, the Supreme Court has handed down a series of decisions clarifying the scope of the DFE. The Court's decisions in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), and United States v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), establish the framework for evaluating whether particular governmental conduct falls under the DFE. According to the Berkovitz-Gaubert test, the DFE bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an "element of judgment or choice" and are not compelled by statute ore regulation and (2) the judgment or choice in question must be grounded in "considerations of public policy" or susceptible to policy analysis. See Gaubert, 499 U.S. at 322-23, 111 S.Ct. 1267; Berkovitz, 486 U.S. at 536-37, 108 S.Ct. 1954. See Calderon v. United States, 123 F.3d 947 (7th Cir.1997); Palay v. United States, 349 F.3d 418 (7th Cir.2003): Cohen v. United States, 151 F.3d 1338 (11th Cir.1998); Gotha v. United States, 115 F.3d 176 (3rd Cir.1997).

The Plaintiff is aware that in order to establish that sovereign immunity is waived by the Government, and to establish subject matter jurisdiction, the Plaintiff must

show that the Government employees violated the DFE by violating a regulation, policy, statute, that prescribes a course of action for an employee to follow and that the act was non-discretionary and was not based on an element of judgment or choice. The record of the Plaintiff's case set forth material facts that show that, the policy and regulation was not adhered to from the Defendant's. The record show that the Warden at FCI-Mckean implemented regulations, for the employees at FCI-Mckean follow. The Warden's Declaration also shows that, the Warden was aware that 28 U.S.C. 4042 and the BOP did not have regulation or policies in effect. So the Warden implemented his own regulation. In fact, the Warden Declarations states at 1, and 3:

> 3. To my knowledge, on February 27, 2004, there was no BOP regulation or policy in effect which dictated the number of correctional officers, the placement of correctional officer posts within a Federal Correctional Institution, or the specific duties assigned to correctional officers assigned to posts within a BOP Facility. The authority to determine the number, placement and specific duties of correctional officers within a BOP Facility was and continues to be a matter within the discretion of each BOP Warden during normal operations as well as during emergency situation.

Based on the Declaration of James F. Sherman, Warden at FCI-Mckean, the Warden, implemented regulations and policies for correctional officer's to follow. See **Cohen v. United States,** 151 F.3d 1338 (11th Cir.1998); which states: Where Congress has granted an agency discretion in implementing a regulatory statute, the agency's promulgation of regulations or guidelines describing how it will use that discretion's is protected by the discretionary function exception. See Gaubert, 499 U.S. at 323, 111 S.Ct. at 1274. Furthermore, if the regulation of guideline "mandates particular conduct, and the [agency's] employee obeys the direction, the Government will be deemed in furtherance of the ploicies which led to the promulgation of the

(8)

regulation [or guideline.] Id. at 324, 111 S.Ct. at 1274. On the other hand, "[i]f the employee violates the mandatory regulation [or guideline', there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." Id.

The Warden,s Declaration continue's to states at 2 and 5:

> In February 2004, it was my determination, based upon staffing levels, professional experience, and institutional needs, that one correctional officer would be posted on each side of each hosing unit. This officer would be responsible for supervising the inmates inside the housing unit by making frequent rounds through all areas of the housing unit, conducting safety and sanitation inspections, distributing cleaning supplies, passes out mail, and conducting cell searches and pat searches of inmates inside the housing unit.

The Warden, at FCI-Mckean implemented these regulations and policies and gave specific responsibilities to officers to follow and had to adhere to these objectives and responsibilities to be protected from suit. See Gaubert, 499 U.S. at 322, 111 S.Ct. at 1273. At the time of the Plaintiff was assaulted by the Latin King Gang Members, on February 27, 2004, Officer Wesemen, was the Unit Officer. The record shows that Officer Wesemen submitted his on self-serving Affidavit stating at para. 2:

> 2. On February 27, 2004, I was assigned to the Custody Post of Evening Watch Unit Officer in Unit A at FCI-Mckean. This Post ran from 4:00p.m. through 12:00a.m. as the Unit Officer I was required to be inside Housing Unit A <u>as well as outside of the entrance of Unit A during controlled inmate movement.</u> As the Unit officer, I was responsible for making security inspections inside the unit, conducting cell searches, conducting pat searches of inmates entering the housing unit, patrolling the unit, and making rounds through inmate cells, bathrooms, and common areas, among other duties.

At the beginning of Officer Wesemen, Declaration, it states a contradiction from the responsibilities of the Warden's regulation and policy, because the Warden, never stated in his Declaration that '**as well as outside of unit entrance of unit A during controlled inmate movement.**' The regulation and policy, by the Warden at FCI-Mckean, did not states the above and this is a non-discretionary act and these Defendant's are not shielded from suit, and subject matter jurisdiction has been established because the Warden's regulation has not been followed by Officer Wesemen.

Officer Wesemen's Declaration also states at para. 4:

> 4. **On February 27, 2004, at approximately 8:15p.m. I was standing outside of the entrance Unit A monitoring inmates** returning to the Unit during the last controlled inmate movement of day in preparation for the 9:00p.m. count. During the last inmate controlled movement inmates permitted to return from places outside of the housing unit, including but not limited to, the recreation areas, the education department, the law library, psychology service, or religious service, in order to be present in their cells for the 9:00 p.m. count. During this movement, **I would stand outside the entrance of Unit A and conduct random checks of inmate identification cards and pat searches of inmates entering the housing Unit.**

It is obvious from the Declaration of the Warden, and the Declaration of Officer Wesemen, that the responsibilities and discretion was abused from the regulation and policies, that the Warden instructed Officer's to follow, and the action taken by Officer Wesemen, is not grounded in the policy of the regulation regime, and not based on an element of judgment or choice. Officer Wesemen, **concedes** that he was not in the Housing Unit at the time of the attacks by the Latin King Gang Members. See **(attachment 3)**

This Honorable Court overlooked the documents in the Plaintiff case, because

the record is clear that Officer Wesemen, conceded that he was ;

(1) Standing outside at the time of these attacks on the Plaintiff.

(2) That the Wardens regulations where violated when Officer Wesemen conducted pat down searches outside the housing Unit.

(3) That the decisions by Officer Wesemen was not based on elements of judgment of choice.

(4) That subject matter jurisdiction has been established because in order to establish subject matter jurisdiction the Plaintiff must show that the discretionary function exception has been violated when a regulation, policy, statute, has been abused and not adhered to by an employee of the Government.

(5) That sovereign immunity has been waived because the acts by Officer Wesemen was not based on judgment or choice when the Warden's regulation was not adhered to and this employee' is not immune from suit to the DFE, and the act is non-discretionary.

(6) This Honorable Court also overlooked the Affidavits that Plaintiff submitted when witnesses observed Officer Wesemen, outside the Housing Unit for approximately one (1) hour when the assault occurred. See (**attachment 3**)

(7) The Warden was aware that the BOP did not have a policy or regulation in effect, and the Warden also was aware that that 28 U.S.C. 4042 did not give the Staff at FCI-Mckean specific responsibilities to follow. So the Warden at FCI-Mckean implemented his on responsibilities for Staff Officers to follow and this Honorable Court overlooked these documents, that created a non-discretionary act when Officer Wesemen did adhere to these directives.

### THE MOTION FOR SUMMARY JUDGMENT AS TO THE MEDICAL NEGLIGENCE CLAIM SHOULD BE DISMISSED WITHOUT PREJUDICE

This Honorable Court dismissed without prejudice the Plaintiff's claim for proximate cause against the Defendant's at FCI-Mckean, and stated that this Court will seek counsel to represent the Plaintiff, because a expert witness, is needed to testify to the medical standard of the Plaintiff's injury. The Plaintiff **concedes** to this Court's **Memorandum and Order** on this claim.

(11)

### THE MOTION TO DISMISS SHOULD BE GRANTED
### AS TO THE PLAINTIFF'S REQUEST FOR
### PUNITIVE DAMAGES AND PLAINTIFF'S
### DEMAND FOR JURY TRIAL

This Honorable Court **Granted** the Defendant's motion for punitive damages and for a jury trial, but this Honorable Court overlooked the facts that the Plaintiff also requested:

    (A) Award the Plaintiff relief for the claim that was submitted to the Agency.

    (B) Award the Plaintiff a Bench Trial because the material facts are indispute.

    (C) Award the Plaintiff compensatory damages against the Defendants that was submitted to the Federal Agency for a claim for money.

This Honorable Court did not address the above issues and this Honorable Court overlooked these facts.

## CONCLUSION

(1) The Plaintiff request that this Honorable Court **GRANT** the Plaintiff's Motion for Rule 59(e), because this Honorable Court has overlooked and misapprehended the material documents in this case.

(2) The Plaintiff record demonstrate in this case and show that Officer Wesemen, violated the regulation that was implemented by the Warden and subject matter jurisdiction has been established, and the Medical Department negligent acts are the proximate cause of the Plaintiff injuries and these negligent acts are foreseeable to the medical defendants. The Plaintiff also concedes to this Court ruling that a expert witness is need and a lawyer is needed to represent the Plaintiff.

(3) The record show that the Warden was aware that the BOP pursuant to Title 18 4042 did not have procedures for BOP Officials to follow, so the Warden implemented his own regulation for Officer's responsibilities.

(4) Thattsubject matter jurisdiction, has been established by Officer Wesemen, leaving the Housing Unit and violating the Warden's regulations and the responsibilities implemented by the Warden.

(5) Sovereign Immunity has been waived pursuant to the FTCA when Officer Wesemen did not follow the instruction and responsibilities that was inplemented by the Warden.

(6) The Affidavits and medical records, and documents show that there is a material fact exist for this Honorable Court to **GRANT** a Bench Trial in this case, but this Honorable Court overlooked this affidavits and documents.

(7) The Plaintiff requested in his First and Second Amended Complaint:

      A. Award the Plaintiff damages against the negligence of the Medical Department Defendant's for being the proximate cause of the Plaintiff injuries.

B. Award the Plaintiff a Bench Trial for past, present and future damages the Plaintiff sustained at the negligent acts of the Government Officials.

C. Award the Plaintiff money damages against the Federal Agency or the Defendant's United States of America and Government Officials for the negligent acts of the Defendant's.

D. Award the Plaintiff compensatory damages against the Defendant's Government Officials.

This Honorable Court overlooked the facts and documents in the Plaintiff's case because the record show the Magistrate Judge did not address the facts and also, did not mention anything about compensatory damages.

(8) That the Discretionary Function Exception does not apply because Officer Wesemen violated the responsibilities and the regulations that was implemented by the Warden.

(9) The Defendant's medical Department are the proximate cause of the Plaintiff's past, and present and future injuries, and the Plaintiff will concede to this Honorable Court's dismissal without prejudice on this claim.

(10) Award the Plaintiff whats far and just for the past, and present and future and permanent injuries that the Plaintiff sustained from the negligence of the Government Officials.

**Therefore,** the Plaintiff request that, this Honorable Court **Grant** the Plaintiff's Rule 59(e) Motion, because this Honorable Court overlooked and misapprehended the Plaintiff facts in this case, and did not address compensatory damages, affidavits and that Rule 12(b)(6) shows that a material fact exist and should have been construed as true, in the Plaintiff's favor.

Respectfully submitted

BY: *Darryl Baker*
Darryl Orrin Baker
Reg. No.# 19613-039

EXECUTED: DECEMBER 26, 2006