(ATTACHMENT 1)

ERIE PA 165

14 DEC 2006 PM

HAPPY

$00.390
12/14/2006
Mailed From 16501
US POSTAGE

DARRYL ORRIN BAKER
19611-039
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

17837+2000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
SEAN J. MCLAUGHLIN
JUDGE
U.S COURTHOUSE, ROOM A250
17 SOUTH PARK ROW
ERIE, PA 16501
OFFICIAL BUSINESS

(ATTACHMENT 2)

RECEIVED 3/30/04

Please read carefully the instructions on the reverse side and ...tion requested on both sides of this form. Use additional sheet(s) if ... See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

| | |
|---|---|
| 1. ...[Agency] REGION... NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE-7TH FLOOR 2ND & CHESTNUT STREETS PHILADELPHIA, P.A. 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code) DARRYL ORRIN BAKER NO. #19613-039 P.O. BOX 8000 BRADFORD, P.A. 16701 FEDERAL CORRECTION INSTITUTION |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 06-30-62 | DIVORCED | FEBRUARY 27, 2004 | 8:10 p.m. |

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

( SEE ATTACHMENT )

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT ) |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $20 MILLION | N/A | $20 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) | 13b. Phone Number of signatory | 14. DATE OF CLAIM 6-13-04 |
|---|---|---|
| *Darryl Baker* | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(This form may be replicated via WP)

SF_95 ____

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

on the reverse side and ... Use additional sheet(s) if...

| | FORM APPROVED OMB NO. 1105-0008 |

1. Submit To Appropriate...
REGIONAL CO... ...EAS...
OFFICE U.S ... ...OUSE
2ND & CHESTNUT STREETS
PHILADELPHIA, PA. 19106

...of claimant and claimant's personal rep-
...if any (See instructions on reverse.)
...RIN BAKER NO. #19613-039
...OX 8000 BRADFORD, PA. 16701
...CORRECTIONAL INSTITUTION

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY   ☐ CIVILIAN | 6-30-62 | DEVORCED | FEBRUARY 27, 2004 | 8:10 p.m. |

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

( SEE ATTACHMENT )   MEDICAL CLAIM

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

( SEE ATTACHMENT ) MEDICAL CLAIM

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| ( SEE ATTACHMENT ) | ( SEE ATTACHMENT ) |

12. (See instructions on reverse)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $15 MILLION | N/A | $15 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) | 13b. Phone Number of signatory | 14. DATE OF CLAIM 6-13-04 |
|---|---|---|
| Darryl Baker | | |

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM

The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS

Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(This form may be replicated via WP)

Case 1:05-cv-02197-SEB   Document 1-2   Filed 12/15/05   Page 6 of 15

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** December 3, 2004

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Administrative Tort Claim No. TRT-NER-2004-03801

**TO:** Darryl Orrin Baker, Reg. No. 19613-039
FCI Elkton

Your Administrative Tort Claim No. TRT-NER-2004-03801, properly received by this agency on June 17, 2004,[1] has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $35,000.00 for an alleged personal injury. Specifically, you claim staff did not exercise due care to protect you from being assaulted by two other inmates on February 27, 2004. You contend you were denied appropriate medical care, resulting in injury to your left eye, as well as pain and suffering.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you were assaulted by others at the Federal Correctional Institution (FCI), McKean, Pennsylvania, on February 27, 2004. Staff did not become aware of the incident until February 29, 2004. Upon notification of an incident involving you, you were examined by medical staff and provided appropriate treatment for your injuries. You suffered multiple contusions, superficial abrasions, and bruising of the face, right arm, chest and both hands. You complained of eye pain and an initial eye exam was conducted. You refused medication to relieve the pain. Subsequently, you were evaluated by three different eye specialists. You were diagnosed with adhesions to the inferior rectus muscle. Conservative treatment was recommended. An ophthalmologist specializing in orbit injuries, advised that surgery was not worth the risk. The medical record indicates you received appropriate medical care, consistent with community standards.

You did not inform staff of any problem you may have been experiencing with any inmate or group of inmates. Without prior knowledge of a specific problem, the Bureau of Prisons cannot

---

[1]This agency actually received two separate claims from you for an incident which occurred on the same day. Therefore, they have been combined for the purpose of this response.

Darryl Orrin Baker, Reg. No.
Claim No. TRT-NER-2004-03801
Page Two


be held responsible for the acts of other inmates.  Your failure
to properly advise staff of your alleged problems with other
inmates prevented staff from taking any action to protect you.
There is no evidence of negligence on the part of any Bureau of
Prisons' staff in this matter.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this memorandum.

cc: T. R. Sniezek, Warden, FCI Elkton
    James F. Sherman, Warden, FCI McKean

(ATTACHMENT 3)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,
        Plaintiff,

    v.                  :  Civ. Action No. 05-147 (SJM-SPB)

UNITED STATES, et al.,
        Defendants.

### DECLARATION OF JAMES F. SHERMAN

I, James F. Sherman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Warden at the Federal Correctional Institution (FCI), McKean, Pennsylvania. I have been employed as the Warden at FCI McKean since approximately January 26, 2004.

2. In February 2004, the general population at FCI McKean consisted of 4 inmate housing units (not including the satellite prison camp), Unit A, Unit B, Unit C, and Unit D. Each housing unit consisted of two sides, A or B. The Housing Units were identified by unit and side; for example, Unit AA, Unit AB, Unit BA, Unit BB, etc. Each side of each housing unit housed approximately 150 to 160 inmates.

3. To my knowledge, on February 27, 2004, there was no BOP regulation or policy in effect which dictated the number of correctional officers, the placement of correctional officer posts within a federal correctional institution, or the specific duties assigned to correctional officers assigned to posts within

1

a BOP facility. The authority to determine the number, placement and specific duties of correctional officers within a BOP facility was and continues to be a matter within the discretion of each BOP Warden during normal operations as well as during emergency situations.

4.   As the Warden at FCI McKean in February 2004, it was my duty to determine how best to deploy Correctional Officers and other staff to the various posts within the compound, based upon the security needs of the institution and the effective use of limited resources.

5.   In February 2004, it was my determination, based upon staffing levels, professional experience, and institutional needs, that one correctional officer would be posted on each side of each housing unit. This unit officer would be responsible for supervising the inmates inside the housing unit by making frequent rounds through all areas of the housing unit, conducting safety and sanitation inspections, distributing cleaning supplies, passes out mail, and conducting cell searches and pat searches of inmates inside the housing unit.

6.   On February 27, 2004, inmate housing assignments at FCI McKean was a matter left to the discretion of the Warden, upon the advice of staff.

7.   In February 2004, the decision as to which inmates should be separated, placed in administrative detention or

2

recommend be moved to other facilities was also a matter left to the discretion of each BOP Warden that took into consideration numerous factors, including the safety of inmates, the ability of inmates to move about the facility, general concerns for prison security, and the effective use of limited resources.

8. In February 2004, the decision to assign an inmate to general population, as opposed to administrative detention was a matter left to the discretion of each BOP Warden based upon available information and the availability of limited resources.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 8 day of December 2005.

James F. Sherman

JAMES F. SHERMAN
Warden
Federal Correctional Institution
McKean, Pennsylvania

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,

Plaintiff,

- v -                                         Civil Action No. 05-147 (Erie)

UNITED STATES, et al.,

Defendants.

DECLARATION OF BRIAN WESEMAN

I, Brian Weseman, make the following declaration under penalty of perjury:

1.  I am employed as a Senior Officer, United States Department of Justice, Federal
    Bureau of Prisons, Federal Correctional Institution, McKean, Pennsylvania. I have
    been employed by the Federal Bureau of Prisons since approximately January 4,
    1999. I have been employed as a Senior Officer at FCI McKean since
    approximately January 11, 2004.

2.  On February 27, 2004, I was assigned to the Custody Post of Evening Watch Unit
    Officer in Unit A at FCI McKean. This post ran from 4:00 p.m. through 12:00 a.m.
    As the Unit A Officer, I was required to be inside Housing Unit A as well as
    outside of the entrance of Unit A during controlled inmate movements. As the Unit
    Officer, I was responsible for making security inspections inside the unit,
    conducting cell searches, conducting pat searches of inmates entering the housing
    unit, patrolling the unit, and making rounds through inmate cells, bathrooms and
    common areas, among other duties.

3.  Unit A is a large, double-tiered, triangular-shaped housing unit, with a capacity of
    approximately 156 inmates. One Unit Officer is assigned to this housing unit.

4.  On February 27, 2004, at approximately 8:15 pm, I was standing outside of the
    entrance to Unit A, monitoring inmates returning to the Unit during the last
    controlled inmate movement of the day in preparation for the 9:00 p.m count.
    During the last inmate controlled movement, inmates are permitted to return from
    places outside of the housing unit, including, but not limited to, the recreation
    areas, the education department, the law library, psychology services, or religious
    services, in order to be present in their cells for the 9:00 p.m. count. During this
    controlled movement, I would stand outside the entrance of Unit A, and conduct
    random checks of inmate identification cards and pat searches of inmates entering
    the housing unit. Prior to the announcement of the controlled movement at
    approximately 8:15 p.m., I would be inside the housing unit doing any of a number
    of different duties, including, but not limited to making rounds, completing
    documentation, reviewing the inmate bed book, and inspecting various areas inside

the housing unit.

5.  On February 27, 2004, I did not observe any inmate-on-inmate assaults or fights, and no inmate assaults or fights were reported to me. At no time during my shift did I observe any activity or noise which would lead me to believe that inmate Darryl Orrin Baker, Reg. No. 19613-039, was at risk of assault, or had been injured as a result of an accident or a physical altercation with any other inmate in Unit A.

6.  Had I learned or suspected that inmate Baker, or any other inmate in Unit A was physically injured during my shift, I would have immediately notified the Operations Lieutenant of the injury.

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this    7th    day of December, 2005.


Brian Weseman
Senior Officer
Federal Correctional Institution
McKean, PA

## AFFIDAVIT

**SWORN UNDER THE PENALTIES OF PERJURY:**

(1) I inmate Thurman Johnson, was assigned to the ten (10) man cell on February
     27, 2004.

(2) That inmate Baker, was assaulted by to inmates in the ten man cell on February
     27, 2004.

(3) That Officer Weseman, was not patrolling the Unit when this assault took place
     on inmate Baker.

(4) That Officer Weseman, was not in the Unit when the assault took place.

(5) That Officer Weseman, was unaware what took place on February 27, 2004.

(6) That inmate Baker, was bleeding profusely and suffered a injury to his left eye.

                                        Respectfully submitted

                                        /s/ Thurman Johnson
                                        INMATE THURMAN JOHNSON
                                        REG. NO.# 11079-055
                                        P.O. BOX 8000
                                        F.C.I. MCKEAN
**DATED APRIL 15, 2004.**                BRADFORD, P.A. 16701


**THAT THESE STATEMENTS FROM 1 THRU 6 ARE TRUE UNDER THE PENALTIES OF PERJURY:**

## AFFIDAVIT

SWORN AFFIDAVIT UNDER THE PENALTIES OF PERJURY:

(1) I inmate Tim, was assigned to the ten (10) man cell on February 27, 2004.

(2) That on February 27, 2004, at approximately 8:05p.m. I was asleep in the ten
    (10) man cell.

(3) That when I awoke, I saw inmate Baker, being assaulted by two (2) other
    inmates.

(4) Inmate Baker, was bleeding profusely and he had a injury to his left eye.

                                    Respectfully submitted

                                    /s/ _____
                                    INMATE TIMOTHY BRADLEY
                                    REG. NO.#03098-049
                                    P.O. BOX 8000
                                    F.C.I. MCKEAN
DATED APRIL 10, 2004.               BRADFORD, P.A. 16701

THAT THESE STATEMENTS FROM 1 THRU 4 ARE TRUE UNDER THE PENALTIES OF PERJURY: