CLD-245                                                                                               May 24, 2007
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **07-1036**

DARRYL ORRIN BAKER

    VS.

UNITED STATES OF AMERICA, ET AL.

    (W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect;

    (2)    Appellee's motion for summary action;

    (3)    Appellant's response to possible dismissal due to a jurisdictional defect;

    (4)    Appellant's response to motion for summary action;

    in the above-captioned case.

                                                                             Respectfully,

                                                                             Clerk

MMW/MPD/je/par

O R D E R

The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. <u>See</u> 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). <u>See, e.g.</u>, <u>In re Good Deal Supermarkets, Inc.</u>, 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.



A True Copy:
Marcia M. Waldron, Clerk

By the Court,

 /s/ D. Brooks Smith
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
       R.L.E., Esq.
       L.S.I., Esq.