UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| DARRYL ORRIN BAKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. 07-1036 |
| | ) | PA. CIV. NO. 05-00147-ERIE |
| UNITED STATES OF AMERICA. ET. AL. | ) | UNITED STATES APPEALS COURT |
| Defendants. | ) | |

PETITION FOR REHEARING AND REHEARING EN BANC
PURSUANT TO F.R.A.P. 40 AND THIRD CIRCUIT
35 AND IOP CHAPTER 9

NOW COMES, the Pelaintiff DARRYL ORRIN BAKER, (hereinafter "PLAINTIFF"), and proceeding pro-se, and respectfully moves this Honorable Court in the interest of justice to **GRANT** the Plaintiff's Petiton for Rehearing and Rehearing En Banc Pursuant to F.R.A.P. 40 and Third Circuit Lar 35 and IOP Chapter 9, Because the Plaintiff's case present extraordinary circumstances and for the reasons that follow.

(1) This Honorable Court issued a **ORDER** and **DENIED** the Government (Defendant's) Appellee's motion for summary action, requesting that this Court affirm the memorandum order from the district court. See **(ATTACHMENT 1)**.

(2) This Honorable Court stated that, the foregoing appeal is dimissed for lack of appellte jurisdiction.

(3) This Court also stated that it had jurisdiction over appeals from final orders of the district court. See 28 U.S.C. § 1291.

(1)

(4) This Court continued to state that Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b).

(5) This Court denoted that the District Corut's Memorandum Order is **not final** § 1291 because it did not dispose of all claims against all parties.

### REASONS FOR LACK OF JURISDICTION

(6) An Order dismissing a complaint without prejudice is generally not a final and appealable Order.

(7) The district court dismissed the appeallant's medical negligence claim but did so without prejudice and with the indication that the claim would later be premitted to proceed.

(8) That accordingly, the dismissal order is clearly **not final** or appeallable.

(9) Furthermore, there was no request for either the magistrate judge or the district court to certify the decision under Rule 54(b).

(10) Therefore, neither judge ever considered whether the ruling should be certified for immediate appeal.

(11) The memoradum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment.

<u>**REASONS FOR GRANTING PETITION FOR REHEARING EN BANC**</u>

(12) The Plaintiff request that this Honorable Court remand this case back to the District Court because facts and material evidence has been overlooked and misapprehended by the District Court.

(13) That the District Court overlooked and misapprehended material facts in the Plaintiff's case that pertained to Federal Tort Claims Act, retaliation, compensitory damages, bench trial, administrative amount for money damages that was alleged in administrative tort claims form.

(14) That the District Court did not give any reasons that certification was needed in this case pursuant to Rule 54(b).

(15) The Plaintiff request that this Court remand with instructions and direct the District Court to here the Plaintiff's claims based on the material facts that was overlooked.

(16) That the Magistrate Judge recommended counsel to represent the Plaintiff based on the medical negligence claim.

(17) That the District Court Judge acting as "dispatcher" has not made appropriate finding setting forth the reasons for its Order.

(18) Remand to the District Court to Order final decision on the "piecemeal" claims to establish jurisdiction in this Court.

(19) That the District Court did not decide on undisputed facts that pertain to sovereign immunity in order for the collateral order doctrine to apply.

(20) That the Plaintiff has set forth facts and has shown through documentation that the discretionary function exception to the FTCA does not apply because the the Government Defendant's did not adhere to a federal statute, regulation, or policy that specifically prescribed a course of action for an employee to follow

and has committed a non-discretionary act and there decisions was not based on elements of judgment or choice.

(21) That under the Westfall Act the Plaintiff's discretionary functional exception claim pursuant to the FTCA would have been appealable under the collateral order doctrine if a certification and reasons would have been given by the District Court Judge, and this Court would have jurisdiction to here the Plaintiff's claims.

## CONCLUSION

The Plaintiff request that this Honorable court **REMAND** all open claims and overlooked material facts to the District Court and give direction to make a ruling on the ("affidavits, medical documents, tort claim material evidence, that was overlooked") make a certification pursuant to Rule 54(b), so that the Plaintiff can appeal pursuant to Rule (4) of F.R.A.P. and establish jurisdiction pursuant to § 1291, because the Plaintiff record shows that a material fact exist on all Plaintiff's claims, and the District Court has not certified and gave reasons that theses claims are final for appeal in this Honorable Court.

Respectfully submitted

BY: *[signature]*
Darryl Orrin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JUNE /- 2007

cc: UNITED STATES DISTRICT COURT JUDGE
    HONORABLE JUDGE MCLAUGHLIN

(4)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, the Plaintiff has sent a true and exact copy of the Petition for Rehearing and Rehearing En Banc Pursuant to F.R.A.P. 40 and Third Circuit LAR 35 and IOP Chapter 9, this Day 16 June, 2007, United States First Class Mail to the Following.

Assistant United States Attorney
Robert L. Eberhardt, ESQ.
Laura S. Irwin, ESQ.
Paul E. Skirtich
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, P.A.
15219

Respectfully submitted

BY: _____
Darryl Orwin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JUNE 16, 2007

(ATTACHMENT 1)

CLD-245                                                                   May 24, 2007
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **07-1036**

DARRYL ORRIN BAKER

VS.

UNITED STATES OF AMERICA, ET AL.

(W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, **CIRCUIT JUDGES**

Submitted are:

(1)  By the Clerk for possible dismissal due to a jurisdictional defect;

(2)  Appellee's motion for summary action;

(3)  Appellant's response to possible dismissal due to a jurisdictional defect;

(4)  Appellant's response to motion for summary action;

in the above-captioned case.

Respectfully,

Clerk

MMW/MPD/je/par

_____O R D E R_____

The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. See 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). See, e.g., In re Good Deal Supermarkets, Inc., 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
R.L.E., Esq.
L.S.I., Esq.

June /6, 2007

Clerk of the Court for the Third Circuit
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, P.A.
19106

       RE: C.A. 07-1036
           W.D. PA. CIV. NO. 05-00147-ERIE

Dear Clerk of the Court:

    Please find inside the Plaintiff's Petition for Rehearing and Rehearing En Banc Pursuant to F.R.A.P. 40 and Third Circuit 35 and IOP Chapter 9, three (3) copies.

Also, the Plaintiff acknowledge that the same motion has been sent to the United States District Court Judge Honorable Judge McLaughlin, Western District of Pennsylvania.

Thank you for your cooperation.

                                          Respectfully submitted

                          BY: _____
                                Darryl Orrin Baker
                                Reg. No.# 19613-039
                                Federal Correction Institution
                                P.O. Box 1000
                                Sandstone, MN
                                55072

ENCL:
cc: HONORABLE JUDGE MCLAUGHLIN
    UNITED STATES DISTRICT COURT JUDGE
    WESTERN DISTRICT OF PENNSYLVANIA