IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER, )
 )
    Plaintiff, )
 )
 )
VS. )  C.A. NO. 05-147-ERIE
 )  C.A. NO. 07-1036
 )
UNITED STATES OF AMERICA, ET.AL., )
 )
    Defendant's. )
 )
 )

## MOTION FOR A BENCH TRIAL

NOW COMES, the Plaintiff DARRYL ORRIN BAKER, (hereinafter "PLAINTIFF"), and proceeding "pro-se", and respectfully moves this Honorable Court in the interest of justice to "GRANT" the Plaintiff a Bench Trial because the facts show that the Plaintiff is entitled to one because a non-discretionary act has been committed by the Defendant's and medical negligence, based on the facts and for the reasons that follow.

    (1) This Honorable Court adopted the Magistrate Judge's Report and Recommendation and misapprehended and overlooked material facts in the Plaintiff's case.

    (2) The record shows that this Honorable Court has not made these claims final for appeal.

    (3) After this Honorable court adopted the Magistrate Judge's Report and Recommendation the Plaintiff filed a Notice of Appeal and appealed to the appeals court.

    (4) The Government Defendant's et.al., filed motions for Summary Action requesting that the Appeals Court Affirm this Honorable Court's Memorandum Order and the Appeals Court **DENIED** there invitation. See (ATTACHMENT 1)

(1)

(5) The Appeals Court went on to state:

(A) The foregoing appeal is dismissed for lack of jurisdiction. See 28 U.S.C. § 1291.

(B) Order's that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enter's judgment and determines that these is no just reason for delay under Federal Rule of Civil Procedure 54(b).

(C) The District Court's Memorandum Order is not final under § 1291 because it did not dispose of all claims against all parties.

(D) An order dismissing a complaint without prejudice is generally not a final and appealable order.

(E) The district court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed.

(F) Accordingly, the dismissal order is clearly not final or appealable.

(G) There was no request for either the magistrate judge or the district court to certify the decision under Rule 54(b).

(H) Therefore, neither judge ever considered whether the ruling should be certified for immediate appeal.

(I) The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of <u>sovereign immunity may be effectively reviewed on appeal from final judgment.</u>

Therefore, the Plaintiff request that this Honorable Court make a decision on a question of law and facts, because the Plaintiff's record show that a non-discretionary act has been committed by the Defendant's and the Defendant's are the proximate cause of the Plaintiff's injuries and they are not free from liability based on a medical certainty because the Plaintiff has sustained a permanent injury as a result of the Defendant's negligence, and also, the Plaintiff was retaliated against. The Plaintiff is aware that the Appeals Court did not mention this in it's Order.

## CONCLUSION

The Plaintiff requests that this Honorable Court "GRANT" a Bench Trial because these claims are not final based on the Appeals Court Order, and:

(1) A non-discretionary act has been committed by the Defendant's and they are not immune from suit.

(2) The Defendant's are the proximate cause of the Plaintiff injuries, and this Honorable Court stated that it would seed counsel to represent the Plaintiff, based on the medical negligence claim.

(3) The Plaintiff requested for compensatory damages, liability damages under the medical negligence claims, and a sum certain under the Federal Agency Claim Pursuant to Federal Tort Claims Act.

Wherefore, the Plaintiff's prays that this Honorable court "GRANT" a Bench Trial and compensate the Plaintiff all that is asked of what is fair and just.

Respectfully submitted

BY: *Darryl Baker*
Darryl Orrin Baker
Reg. NO.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JULY 13, 2007


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a truce and correct copy of the within Plaintiff's Motion for a Bench Trial was served postage-paid United States Mail on this day 13, July, 2007 to and upon the following.

Paul E. Skirtich
Assistant United States Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, P.A. 15219

Respectfully submitted

BY: *Darryl Baker* (signature)
Darryl Orrin Baker
Reg. NO.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JULY 13, 2007

(ATTACHMENT 1)

CLD-245                                                                      May 24, 2007

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 07-1036

DARRYL ORRIN BAKER

VS.

UNITED STATES OF AMERICA, ET AL.

(W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

Submitted are:

(1) By the Clerk for possible dismissal due to a jurisdictional defect;

(2) Appellee's motion for summary action;

(3) Appellant's response to possible dismissal due to a jurisdictional defect;

(4) Appellant's response to motion for summary action;

in the above-captioned case.

Respectfully,

Clerk

MMW/MPD/je/par

_____O R D E R_____

The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. See 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). See, e.g., In re Good Deal Supermarkets, Inc., 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
      R.L.E., Esq.
      L.S.I., Esq.

July 13, 2007

Clerk of the Court
United States District Court Judge
Honorable Sean J. McLaughlin
Western District of Pennsylvania
17 South park Row, Room A-250
Erie, PA.
16501

   RE: CIVIL ACTION NO.# 05-147-ERIE
    DARRYL ORRIN BAKER v. UNITED STATES OF AMERICA ET.AL.

Dear Clerk of the Court:

 Please find inside Plaintiff's Motion for a Bench Trial. Three copies.

Thank you very much for you cooperation.


            Respectfully submitted

         BY: *Darryl Baker*
            Darryl Orrin Baker
            Reg. No.# 19613-039
            Federal Correctional Institution
            P.O. Box 1000
            Sandstone, MN
            55072

ENCL:
cc: A.U.S.A. PAUL E. SKIRTICH
  U.S.D.J. SEAN J. MCLAUGHLIN