IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,          )
                             )
        Plaintiff,           )
                             )
VS.                          )   C.A. NO.# 07-1036
                             )
                             )   W.D. PA. CIV. NO.# 05-CV-00147-ERIE
UNITED STATES OF AMERICA, ET.AL.  )
                             )   UNITED STATES DISTRICT COURT
                             )   CHIEF JUDGE
        Defendant's.         )   HONORABLE MCLAUGHLIN
                             )

MOTION FOR CERTIFICATION ON CLAIMS THAT
WHERE NOT FINAL PURSUANT TO FED. RULES.
CIV. P. 54(b)

NOW COMES the Plaintiff DARRYL ORRIN BAKER, (hereinafter "PLAINTIFF"), and proceeding pro-se, and respectfully moves this Honorable Court for Certification of Claims That Where Not Made Final Pursuant to Fed. Rules. Civ. P. 54(b) and for the reasons that follow.

(1) The Plaintiff appealed this case to the appeals court after this Honorable Court granted judgment in the Defendant's favor.

(2) The Appeals Court issued a **Order Denying** the Appellee's Motion for Summary Action, requesting that the Court affirm the Memorandum Order by this Court. See (ATTACHMENT 1)

(3) The Plaintiff filed a Motion for a Bench Trial dated July 13, 2007, and this Honorable Court has not responded again to the filing of the Plaintiff's pro-se motions.

Therefore, in the interest of justice, the Plaintiff request that this Honorable Court <u>GRANT</u> the Plaintiff Certification on the claims that was not final and follow the Appeals Courts **Order**.

(1)

## CERTIFICATION STANDARD PURSUANT TO RULE 54(b)

This Honorable Court stated in <u>Allis-Chalmers corp. v. Philadelphia Electric Co.</u>, 521 F.2d 360 (1975) that this appeal requires us in the first instance to consider the propriety of the district court's 54(b) certification. Although both AC and PECO have focused on the summary judgment disposition as the central issue on this appeal, we cannot reach that issue unless our jurisdiction has been properly invoked by an appealable order. This Court obtains jurisdiction only when an appeal is taken from a final order (28 U.S.C. § 1291) or from an appealable interlocutory order (28 U.S.C. § 1292). As the Supreme Court stated in <u>Sears, Roebuck & Co. v. Mackey,</u> 351 U.S. 427, 437-38, 76 S.Ct. 895, 900-01, 100 L.Ed. 1297 (1956):

> The District Court cannot, in the exercise of its discretion, treat as "final" that which is not "final" within the meaning of § 1291. But the District Court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. Rule 54(b) scrupulously recognizes the statutory requirement of a "final decision" under § 1291 as a basic requirement for an appeal to the Court of Appeals.

Hence, our jurisdiction depends upon whether the district court properly granted 54(b) certification. If that Court abused its discretion in certifying the summary judgment as final, we are without jurisdiction to entertain this appeal. See <u>B.B. Adams General Constractors, Inc., v. Department of Housing and Urgan Development,</u> 501 F.2d 176 (5th Cir.1974). Since we cannot consider the merits of a non-final order, we turn first to the threhold question of the propriety of the 54(b) certification. See also, <u>In re Good Deal Supermarkets, Inc.,</u> 528 F.2d 710, 712 (3d Cir.1975); <u>Brennan v. Kulick,</u> 407 F.3d 603, 606 (3d Cir.2005); <u>Kassuelke v. Alliant Techsystems, Inc.,</u> 223 F.3d 929, 931 (8th Cir.2000).

## CONCLUSION

The Plaintiff request that this Honorable Court follow the Appeals Court **Order** and **GRANT** the Plaintiff a Bench Trial or a Judgment of Certification of Claims that was not made final by this Court.

Respectfully submitted

BY: *Darryl Baker*
Darryl Orrin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JULY 31, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, the Plaintiff has sent a true and exact copy of the Plaintiff's Motion for Certification on Claims That Where Not Final Pursuant to Fed. Rules. Civ. P. 54(b) this day 31, July, 2007, United States First Class Mail to the following.

Assistant United States Attorney
Robert L. Eberhardt, Esq.
Laura S. Irwin, Esq.
Paul E. Skirtich
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA.
51219

Respectfully submitted

BY: _____Darryl Baker_____
Darryl Orrin Baker
Reg. No. # 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JULY 31, 2007

(ATTACHMENT 1)

Case 1:05-cv-00147-SPB   Document 60   Filed 08/06/2007   Page 5 of 8

CLD-245                                                                    May 24, 2007
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **07-1036**

DARRYL ORRIN BAKER

   VS.

UNITED STATES OF AMERICA, ET AL.

   (W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

   Submitted are:

   (1)   By the Clerk for possible dismissal due to a jurisdictional defect;

   (2)   Appellee's motion for summary action;

   (3)   Appellant's response to possible dismissal due to a jurisdictional defect;

   (4)   Appellant's response to motion for summary action;

   in the above-captioned case.

                                             Respectfully,

                                             Clerk

MMW/MPD/je/par
_____O R D E R_____
The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. See 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). See, e.g., In re Good Deal Supermarkets, Inc., 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
　　　　R.L.E., Esq.
　　　　L.S.I., Esq.

July 31, 2007

Clerk of the Court
United States District Court Judge
Honorable Sean J. McLaughlin
Western District of Pennsylvania
17 South Park Row, Room A-250
Erie, PA.
16501

        RE: CIVIL ACTION NO.# 05-147-ERIE
            APPEAL ACTION NO.# 07-1036
            DARRYL ORRIN BAKER v. UNITED STATES OF AMERICA

Dear Clerk of the Court:

    Please find inside the Plaintiff's Motion for Certification on Claims That Where Not Final Pursuant to Fed. Rules. Civ. P. 54(b), three copies.

Thank you very much.

                              Respectfully submitted

                BY   *Darryl Baker*
                              Darryl Orrin Baker
                              Reg. No.# 19613-039
                              Federal Correctional Institution
                              P.O. Box 1000
                              Sandstone, MN
                              55072

ENCL:

cc: AUSA PAUL E. SKIRTICH