IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL ORRIN BAKER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 05-147E |
| UNITED STATES OF AMERICA | ) JUDGE McLAUGHLIN |
| GOVERNMENT OFFICIALS AT | ) |
| FCI-McKEAN, WARDEN, OFFICER | ) ELECTRONICALLY FILED |
| B. WESEMEN, MEDICAL DEPARTMENT, | ) |
| Defendants. | ) |

**ANSWER OF THE FEDERAL DEFENDANTS TO PLAINTIFF'S
SECOND [sic] AMENDED COMPLAINT** [1]

AND NOW, come the Defendants, United States of America, Government Officials at FCI-McKean, Warden, Officer B. Wesemen, and the Medical Department, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and files their Answer to Plaintiff's [sic] Second Amended Complaint.

As a summary of pertinent developments in this case, on December 14, 2006, the Honorable Sean McLaughlin issued an Order in response to the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by the United States on the

---

[1] On August 19, 2005, Plaintiff filed the original Complaint in this case, and on March 1, 2006, Plaintiff filed an Amended Complaint which thus should have been labeled "Plaintiff's First Amended Complaint."

various causes of action raised in Plaintiff's Amended Complaint. Specifically, Judge McLaughlin (1) granted the Motion to Dismiss as to Plaintiff's claim of retaliation for lack of subject matter jurisdiction; (2) granted the Motion to Dismiss as to named Defendants FCI-McKean, Warden, Correctional Officer Weseman and the Medical Department at FCI-McKean since they were improper parties; (3) granted the Motion to Dismiss as to Plaintiff's "failure to protect" claim for lack of subject matter jurisdiction due to the "discretionary function" exception of the Federal Tort Claims Act; (4) granted the Motion to Dismiss as to Plaintiff's request for punitive damages and request for a jury trial; and (5) denied without prejudice the Motion for Summary Judgment as to the medical malpractice claim.  Ultimately, Judge McLaughlin adopted the Report and Recommendation filed by Magistrate Judge Paradise Baxter as the opinion of the Court.

    Consequently, though Plaintiff set forth eight separate causes of action in his Amended Complaint pursuant to the Federal Tort Claims Act (FTCA), and given that several of his causes of action are duplicative or contain elements of a single cause of action, only the one claim dealing with the alleged negligent medical care of the Medical Department at FCI-McKean (2nd, 6th,

7th, and 8th Causes of Action) survives the Order of Court dated December 14, 2006. [2]

## FIRST AFFIRMATIVE DEFENSE

1.   The averments set forth in the unnumbered paragraph titled "Jurisdiction" (p. 1) of Plaintiff's Second Amended Complaint are conclusions of law to which responses are not deemed necessary.

2.   The averments set forth in the unnumbered paragraph titled "Haines v. Kerner Standard of Review" (p. 3) of Plaintiff's Second Amended Complaint purport to be Plaintiff's understanding of the standard of review and are conclusions of law to which responses are not deemed necessary.

3.   The averments set forth in the unnumbered paragraph titled "Rule 8(a) Standard" (p. 4) of Plaintiff's Second Amended Complaint are conclusions of law to which responses are not deemed necessary.

---

[2]  The District Court correctly stated that only one cause of action survived the motions of the United States, namely a medical malpractice claim pursuant to the FTCA, despite Plaintiff's efforts to raise four (4) distinct claims of medical malpractice against the United States [Cause of Action #2 (p. 15); Cause of Action #6 (p. 30); Cause of Action #7 (p. 33); and, Cause of Action #8 (p. 33)]. Consequently, the United States will respond only to those paragraphs in Plaintiff's Amended Complaint concerning the sole remaining issue (medical malpractice) before this Court and will not respond to either the issues or paragraphs which were dismissed by this Court on December 14, 2006. The United States reserves its right to supplement this Answer if this Court determines at a later date that additional responses are necessary.

4. The averments set forth in the unnumbered paragraph titled "Rule 12(b)(1)" (p. 4) of Plaintiff's Second Amended Complaint are conclusions of law to which responses are not deemed necessary.

5. The averments set forth in the unnumbered paragraph titled "Rule 12(b)(6)" (p. 5) of Plaintiff's Second Amended Complaint are conclusions of law to which responses are not deemed necessary.

6. The Defendants deny the averments as set forth in the unnumbered paragraph titled "Short and Plain Statement Rule 8(a)" (p. 8) of Plaintiff's Second Amended Complaint. By way of further response, the Federal Defendants admit that on February 29, 2004, a Correctional Officer detected injuries to Plaintiff's face and contacted prison medical personnel who subsequently treated Plaintiff that same date. It is important to note that Plaintiff failed to disclose to prison personnel the actual cause of his injuries; rather, he initially claimed a dumbbell had fallen upon him two days prior. In a subsequent interview with investigating officials, Plaintiff admitted he had been in a fight with other inmates over the use of a microwave. Additionally, Plaintiff prevented any health examinations until the discovery of his injuries by failing to seek medical attention immediately after receiving his injuries, in an attempt to conceal the true cause of his injuries. Once his injuries

were discovered, the Federal Defendants aver that Plaintiff received adequate medical treatment for his condition.[3]

7. The Defendants deny the averments as set forth in the unnumbered paragraph titled "Medical" (p. 10) of Plaintiff's Second Amended Complaint. By way of further response, please refer to the response in paragraph 6 above.

8. To the extent that the averments set forth in the unnumbered paragraphs titled "Second Cause of Action" and "Future Health and Well-Being" (pp. 15-top of 16) of Plaintiff's Second Amended Complaint are read as part of his medical malpractice claim and interpreted to contain statements of fact, the Defendants deny the averments and demand strict proof at trial.

9. To the extent that the averments set forth in the unnumbered paragraphs titled "Sixth Cause of Action", "Proximate Cause" and "Argument and Proximate Cause" (pp. 30-top of 33) of Plaintiff's Second Amended Complaint are read as part of his medical malpractice claim and interpreted to contain statements of fact, the Defendants deny the averments and demand strict proof at trial.

---

[3] The United States incorporates by reference the section titled "Statement of Facts" in Defendant's Memorandum of Law in Support of their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Docket No. 21, pp. 4-21, which sets forth a more detailed recitation of the chronology and actions of medical prison personnel in rendering adequate medical care and treatment to Plaintiff.

10. To the extent that the averments set forth in the unnumbered paragraphs titled "Seventh Cause of Action" and "Duty of Care" (p. 33) of Plaintiff's Second Amended Complaint are part of his medical malpractice claim and interpreted to contain statements of fact, the Defendants deny the averments and demand strict proof at trial.

11. The Defendants deny the averments set forth in the unnumbered paragraphs titled "Eighth Cause of Action" and "Denied Medical Treatment" (p. 38) of Plaintiff's Second Amended Complaint and demand strict proof at trial.

12. The averments set forth in the unnumbered paragraph titled "Conclusion and Relief Requested" of Plaintiff's Second Amended Complaint are his prayer for relief. To the extent that the averments contain statements of fact, the Defendants deny the averments and demand strict proof at trial. Further, the Defendants state that Plaintiff is not entitled to either relief in the amounts of $15 million or $20 million dollars, is not entitled to any award of any kind and/or is not entitled to any type of relief whatsoever and demand strict proof at trial.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### **THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's Second Amended Complaint.

### **FOURTH AFFIRMATIVE DEFENSE**

Defendants Government Officials at FCI-McKean; Warden; Officer B. Wesemen; and, the Medical Department are improper party-defendants in this action filed pursuant to the Federal Tort Claims Act, and thus, this action should be dismissed as to them.

### **FIFTH AFFIRMATIVE DEFENSE**

The acts of any and all medical personnel associated with the Bureau of Prisons who gave medical care to Plaintiff during the course of events germane to this case met the standard of care, and therefore, Plaintiff is barred from recovery.

### **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has no evidence and/or medical expert who can opine that any medical personnel associated with the Bureau of Prisons gave care to Plaintiff which within a degree of medical certainty failed to meet the applicable standard of care, and therefore, Plaintiff is barred from recovery.

### **SEVENTH AFFIRMATIVE DEFENSE**

The acts of medical personnel associated with the Bureau of Prisons were not the proximate cause of the occurrence giving rise to the instant lawsuit, and Plaintiff is therefore barred from recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

The acts of others, specifically federal inmates, and not those of the Defendants were the sole and proximate intervening and/or superseding cause of the occurrence giving rise to the instant lawsuit, and Plaintiff is therefore barred from recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's negligence was greater than any negligence, if any, of Defendant, and Plaintiff is therefore barred from recovery.

**TENTH AFFIRMATIVE DEFENSE**

In the event that any individuals who are employees or agents of either the United States or the Bureau of Prisons are determined to still be parties to this action, those Defendants are immune from civil liability by reason of qualified immunity.

Respectfully Submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY


s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
PA ID No. 30440

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the within Answer of the Defendant to Plaintiff's Second [sic] Amended Complaint was electronically filed and/or served by postage-paid U.S. Mail on this 16th day of August, 2007, to and upon the following:

        Darryl Orrin Baker
        Reg. No. 19613-039
        Federal Correctional Institution
        Post Office Box 1000
        Sandstone, MN 55072

        s/Paul E. Skirtich
        PAUL E. SKIRTICH
        Assistant U.S. Attorney