September 24, 2007

**FILED**

OCT - 1 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Assistant United States Attorney
Paul E. Skirtich
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, Pa.
15219

    RE: CIVIL ACTION NO.# 05-147-ERIE
        APPEAL ACTION NO.# 07-1036
        DARRYL ORRIN BAKER v. UNITED STATES OF AMERICA ET.AL.

## PLAINTIFF'S SECOND OFFER TO THE GOVERNMENT

(1) In the Plaintiff's First Offer to the Government Defendant's the plaintiff offered to settle this case for the sum of $5,000,000, and the Government Defendant's in a response dated August 28, 2007, stated that the $5 million offer that was demanded was to excessive.

(2) The plaintiff's record of the Court shows that on August 16, 2007, at approximately 11:00 a.m., the plaintiff had a Case Management Conference in which the Government stated on record that the plaintiff can bring a **offer** to settle this case to the Government in the above action.

(3) The plaintiff acknowledge that, at this hearing, the Magistrate Judge, did not follow what the **Order** of the Appeals Court instructed and some of the **Order** was overlooked.

(4) The Order stated:

    (A) The district court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed.

    (B) The dismissal order is clearly not final or appealable.

(1)

(C) There was no request for either the magistrate judge or the district court to certify the decision under Rule 54(b).

(D) Neither judge ever considered whether the ruling should be certified for immediate appeal.

(E) The memorandum order also does not fall under the collateral doctrine because dismissal of claims on account of <u>sovereign immunity</u> may be effectively reviewed on appeal from the final judgment.

## FACTS

(5) The plaintiff raised in his First and Second Amended Complaint that a non-discretionary act was committed by Officer Weseman, and the Warden based on the negligence that was performed by the Defendant's actors, and that the Medical Department was the proximate case of the plaintiff injuries based on there negligence and delay of treatment that cause the plaintiff present and future permanent injuries. The record shows and reveal that the plaintiff's claims is based on **<u>(verifying medical evidence)</u>**.

## PRESENT AND FUTURE DISABILITIES

(6) The plaintiff has sustained present and future injuries. This permanent disability to the plaintiff left eye caused by the Defendant's, and as of this September 24, 2007, the plaintiff's left eye still will not function properly and the plaintiff is still having excruciating pain when the plaintiff looks up and to the right and to the left, and the plaintiff still has double vision, and the plaintiff's left eye is not aligned with the right eye. The plaintiff still has a Orbital Fracture with entrapment, and the nerve branches in my face are still numb from the left eye injury suffered at the hand of the Defendant's negligence and delay in treatment. The plaintiff life expectancy is about another 35 to 40 years and the plaintiff's left eye will get worse as the plaintiff age, and pain medication, visits to the doctor, surgery, eye medication, eye drops, and other problems with the plaintiff infraorbital nerve branches in my face will occur in the future, along with increased double vision to see a Orbital Specialist and Plastic Eye Surgeon, and other future eye problems.

(7) **Therefore,** based on the pain and suffering, and <u>**verifying medical evidence**</u> in the record of this case, the excruciating pain and suffering in the future that the plaintiff will encounter, the plaintiff's offer to the Government Defendant's is a sum of $3,000,000 dollars, because the plaintiff has suffered a permanent disability by the hands of the Defendant's and the Defendant's are the proximate cause of the plaintiff injuries from there delay in treatment and their negligence. Also, a non-discretionary act was committed pursuant to the Federal Tort Claims Act and this case is ripe for trial.

Respectfully submitted

BY: *Darryl Baker*
Darryl Orrin Baker
Reg. NO.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

**EXECUTED: SEPTEMBER 24, 2007**

cc: **CHIEF UNITED STATES MAGISTRATE JUDGE
    SUSAN PARADISE BAXTER**