IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER,                )
                                   )
        Plaintiff,                 )
                                   )
                                   )    CIVIL ACTION NO. 05-147-ERIE
VS.                                )
                                   )    APPEALS COURT NO. 07-1036
                                   )
UNITED STATES OF AMERICA ET.AL.,   )
                                   )
        Defendant's.               )
                                   )
                                   )

FILED

NOV 20 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF'S MOTION FOR A BENCH TRIAL

NOW COMES, the Plaintiff DARRYL ORRIN BAKER, (hereinafter "PLAINTIFF"), and proceeding **pro-se**, and respectfully moves this Honorable Court in the interest of justice to **grant** the plaintiff a **Bench Trial** because the United States Government et.al., ("DEFENDANT'S"), has decline the plaintiff's **offer** in this settle this case, and for the reasons that follow.

### TITLE 28 U.S.C. § 2402

(1) Subject to Chapter 179 of this Title [28 U.S.C. § 3901 et. seq.], any action against the United States under Section 1346 shall be tried by the Court <u>without a jury</u>, except that any action against the United States under 1346(a)(1) shall, at the request of either party to such action, be tried by the Court with a jury.

> (i) 28 USCS § 2402 insofar as it deprives plaintiff of jury trial of tort claim in federal district court, is constitutional.

   (ii) Provision of predecessor statute to 28 USCS § 2402
     which required actions against United States to
     tried without jury was applicable to actions
     brought in District Court as well as to action in
     Court of Claims.

The plaintiff is aware that Title 28 U.S.C. § 2402 bares the right to a jury trial against the United States. Therefore, the plaintiff **Demand a Bench Trial** in this case. See <u>Gotha v. United States</u>, 115 F.3d 176 (3rd Cir.1997).

### BENCH TRIAL

Black Law Dictionary states:

  **Bench Trial:**

    A trial before a judge without a jury.
    The Judge decides question of fact as
    well as question of law.

(2) On June 4, 2007, the Appeals Court for the Third Circuit **denied** the Defendant's Motion for Summary Action in this case. See **(ATTACHMENT 1)**.

(3) On August 7, 2007, this Honorable Court Chief Magistrate Judge Susan Paradise Baxter **Ordered** a Case management Conference Hearing on August 16, 2007. See **(ATTACHMENT 2)**.

(4) At this Case Management Conference Hearing that was held on August 16, 2007, the Defendant's told the plaintiff to present a **offer** to settle the medical negligence claim.

(5) The Plaintiff presented a offer to the Defendant's, and the Defendant's declined this offer stating that this offer was to excessive, but also stated the, (" IF YOU LIKE TO DISCUSS ANY OTHER MATTER IN THIS CASE, KINDLY DIRECT IT TO MY ATTENTION AT

THE ABOVE ADDRESS.") See **(ATTACHMENT 3)**.

(6) The plaintiff presented a second offer to the Defendant's and the plaintiff has not heard anything from the Defendant's to this second offer.

## CONCLUSION

Based on the foregoing, the Plaintiff **DEMAND A BENCH TRIAL,** because the Defendant's decline the Plaintiff's offer the settle this case. Also, the Plaintiff request a Bench Trial in the Plaintiff's First and Second Amended Complaint against the Defendant's and the Plaintiff request that this Honorable Court follow the Appeal's Court instruction to **certify** all claims as final as Rendell, Smith, and Jordan, instructed pursuant to Rule 54(b), certification of all claims for appeal review. See **(ATTACHMENT 1)**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I the Plaintiff has sent a true and exact copy of the foregoing motion for a Bench Trial this day _14_, November 2007, United States First Class Mail to the Following.

> Assistant United States Attorney
> Paul E. Skirtich
> U.S. Post Office & Courthouse
> 700 Grant Street
> Suite 4000
> Pittsburgh, Pennsylvania
> 15219

EXECUTED: NOVEMBER _14_, 2007.

Respectfully submitted

BY: _Darryl Baker_
Darryl Orrin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

(3)

(ATTACHMENT 1)

CLD-245                                                                    May 24, 2007

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **07-1036**

DARRYL ORRIN BAKER

VS.

UNITED STATES OF AMERICA, ET AL.

(W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

Submitted are:

(1)   By the Clerk for possible dismissal due to a jurisdictional defect;

(2)   Appellee's motion for summary action;

(3)   Appellant's response to possible dismissal due to a jurisdictional defect;

(4)   Appellant's response to motion for summary action;

in the above-captioned case.

Respectfully,

Clerk

MMW/MPD/je/par

_____O R D E R_____

The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. See 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). See, e.g., In re Good Deal Supermarkets, Inc., 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
      R.L.E., Esq.
      L.S.I., Esq.

(ATTACHMENT 2)

## Other Orders/Judgments
1:05-cv-00147-SJM-SPB BAKER v. UNITED STATES, et al

## U.S. District Court

## Western District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered on 8/7/2007 at 10:32 AM EDT and filed on 8/7/2007
**Case Name:** BAKER v. UNITED STATES, et al
**Case Number:** 1:05-cv-147
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER: Case Management Conference set for 8/16/2007 11:00 AM via telephone before Susan Paradise Baxter. Counsel for Defendants is directed to make arrangements for all parties to participate by conference call on the above date and time. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter. Signed by Judge Susan Paradise Baxter on 8/7/07. (lrw)

**1:05-cv-147 Notice has been electronically mailed to:**
Paul E. Skirtich  paul.skirtich@usdoj.gov, carol.friedrich@usdoj.gov, usapaw.ecfcivil@usdoj.gov

**1:05-cv-147 Filer will deliver notice by other means to:**

DARRYL ORRIN BAKER
19613-039
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1000
SANDSTONE, MN 55072

(ATTACHMENT 3)



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

PES:caf

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

August 28, 2007

Darryl Orrin Baker
Reg. No. 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

RE: Darryl Orrin Baker v. United States of America
Government Officials at FCI-McKean, Warden, Officer B.
Wesemen, Medical Department
<u>Civil Action No. 05-147E</u>

Dear Mr. Baker:

After review of your letter dated August 21, 2007, which was received on August 23rd in this office, I respectfully decline your demand to settle this case for $5 million. Due to the excessive demand, this office does not and will not present a counteroffer.

If you would like to discuss any other matter in this case, kindly direct it to my attention at the above address.

Very truly yours,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

PAUL E. SKIRTICH
Assistant U.S. Attorney

November 14, 2007

Clerk of the Court
United States Magistrate Judge
Susan Paradise Baxter
United States District Court Judge
Sean J. Mclaughlin
Western District of Pennsylvania
17 South Park Row, Room A-250
Erie, Pa.
16501

        RE: CIVIL ACTION NO. 05-147-ERIE
           APPEAL ACTION NO. 07-1036
           DARRYL ORRIN BAKER v. UNITED STATES OF AMERICA, ET.AL.

Dear Clerk of the Court:

    Please find inside the Plaintiff's motion for a **Bench Trial**.

Thank you very much.

                                      Respectfully submitted

                              BY: _Darryl Baker_
                                  Darryl Orrin Baker
                                  Reg. No.# 19613-039
                                  Federal Correctional Institution
                                  P.O. Box 1000
                                  Sandstone, MN
                                  55072

**ENCL:**
cc: **AUSA PAUL E. SKIRTICH**