IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL ORRIN BAKER, | ) |
| Plaintiff, | ) |
| VS. | ) CIVIL ACTION NO. 05-147-ERIE |
| | ) UNITED STATES DISTRICT COURT JUDGE |
| UNITED STATES OF AMERICA ET.AL. | ) HONORABLE SEAN J. MCLAUGHLIN |
| Respondent. | ) MAGISTRATE JUDGE |
| | ) SUSAN PARADISE BAXTER |

MOTION FOR APPOINTMENT OF COUNSEL PURSUANT
TO TITLE TO TITLE 18 U.S.C. 3006A

NOW COMES, the Plaintiff DARRYL ORRIN BAKER, (hereinafter "PLAINTIFF"), and proceeding **pro-se**, and moves this Honorable Court for appointment of counsel on plaintiff's medical negligence claim and for the reasons that follow.

(1) The plaintiff was the recipient of a letter from the Government Defendant's United States Attorney Paul E. Skirtich, requesting who I intend to call as a expert witness and all documents intended to be used and to furnish them to the Defendant's. See **(ATTACHMENT 1)**

(2) Also, the Defendant states in this letter, that **discovery closed** on November 13, 2007, in which the plaintiff has ("NO SUCH ORDER FROM THE COURT") because the record shows that the plaintiff filed interrogatories and the Magistrate Judge Susan Paradise Baxter, stated that, she has not Order Trial in this matter, and also, plaintiff's motion for Bench Trial was premature. See **(ATTACHMENT 2)**.

(3) The Government's letter states that a copy of this letter was sent to ("cc: JOYCE HORIKAWA, Esq.") in which the plaintiff has no knowledge of this counsel in the record. See **(ATTACHMENT 1)**

(1)

(4) This Honorable Court stated in the Magistrate Judges Report and Recommendations that quote:

> IN THE INTEREST OF FAIRNESS AND BECAUSE THIS COURT IS BOUND BY THE DICTATES OF <u>HAINES V. KERNER</u>, AND ITS PROGENY, THIS COURT WILL SEEK COUNSEL TO REPRESENT PLAINTIFF.

(5) The plaintiff acknowledge that the plaintiff was contacted by a Mr. Tem Riley, of Conner Riley Friedman & Weichler, and Mr. Riley, stated he would not be able to represent the Plaintiff because the plaintiff requested litigation of all claims raised in the First and Second Amended Complaints and also, the Order of the Third Circuit Court of Appeals. See **(ATTACHMENT 3&4)**.

(6) The plaintiff will **re-contact** Mr. Tim Riley, and request representation of counsel which was Ordered by District Court Judge Honorable Sean J. McLaughlin.

(7) If counsel declines this request, plaintiff request counsel to represent plaintiff.

(8) The plaintiff record shows that all of the plaintiff claims where based on non-discretionary acts by the Defendants and subject matter jurisdiction has been established when Officer Wesemen, left the Unit unattended and did not used judgment of choice, and the medical department negligence and foreseeable acts where the proximate cause of the plaintiff injuries.

(9) The plaintiff's record shows that the Third Circuit has not ruled on the failure to protect argument and has no case law in this circuit that pertains to the discretionary function exception.

**Wherefore,** since the plaintiff was unable to settle negotiations with the Government Defendants, the plaintiff request a Bench Trial on all claims and appointment of counsel on the plaintiff's medical negligence claim. The plaintiff is aware that if the

plaintiff is unsuccessful on the medical negligence claim that the Defendant's are still liable for the injury sustained and the plaintiff request damages or whatever is fair and just for the present and future injury the plaintiff suffered.

## CONCLUSION

(10) Plaintiff request appointment of counsel to represent plaintiff in the medical negligence claim, so plaintiff can call and subpoena the medical expert of record to testify on plaintiff behalf of a medical certainty that the negligence of the Defendant's Medical Department that their foreseeable acts cause the plaintiff present and future injuries.

(11) The plaintiff request a Bench Trial on plaintiff remaining claims because a non-discretionary act has been committed by the Defendants and these Defendants did not used judgment or choice and violated the Wardens regulation and policy, and this Honorable Court did not follow Rule 72 when the plaintiff filed objections to the Report and Recommendation.

(12) The plaintiff will **re-contact** counsel Mr. Tim Riley, by phone and by correspondence which was Order by Honorable Sean J. McLaughlin.

(13) Plaintiff is not waiving any claim and request a Bench Trial to follow the Third Circuit Court of Appeals **Order**.

Respectfully submitted,

BY: _Darryl Baker_
Darryl Orrin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

**EXECUTED: JANUARY 14, 2008**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that the Plaintiff have sent a true and exact copy of the foregoing Motion for Appointment of Cousel this day January 14, 2008 United States First Class Mail to the following.

Assistant United States Attorney
Mr. Paul E. Skirtich
U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania
15219

Respectfully submitted

BY: _Darryl Baker_
Darryl Orrin Baker
Reg. No.# 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN
55072

EXECUTED: JANUARY 14, 2008

(4)

(ATTACHMENT 1)

Case 1:05-cv-00147-SPB    Document 73    Filed 01/23/2008    Page 5 of 17



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

PES:caf

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

January 11, 2008

Darryl Orrin Baker
Reg. No. 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

RE: **Darryl Orrin Baker v. United States of America
Government Officials at FCI-McKean, Warden, Officer B.
Wesemen, Medical Department
Civil Action No. 05-147E**

Dear Mr. Baker:

By Court Order, discovery in this case closed on November 13, 2007. By Thursday, January 17, 2008, please inform if you intend to call an expert witness to testify in your behalf in your lawsuit against the United States at Civil Action Number 05-147E in the Western District of Pennsylvania. If you intend to call an expert witness, please provide their name, title, address and telephone number.

Additionally, if you intend to call an expert witness, please provide an expert report to me as soon as possible. This report should state the subject matter upon which the expert witness will testify; the substance of the facts and opinions to which the expert is expected to testify and also a list of the sources for which the expert witness will rely upon and a summary of the grounds for each opinion.

Finally, if you intend to call an expert witness to testify in your behalf, kindly supply a copy of all documents furnished to the expert and/or generated by the expert; the resume of the expert witness, commonly called a "Curriculum Vitae"; and any and all articles authored by the expert.

January 11, 2008
Page 2

    If you cannot afford the cost of mailing the documents, please contact me immediately at (412) 894-7418 to discuss the method of shipping. Please provide any and all of the above requested information by Thursday, January 17, 2008. If I do not receive any communication from you by the end of business (5:00 p.m. EST), I will assume that you do not have an expert witness ready, able and willing to testify in the above civil action number. Thank you for your cooperation in this matter.

                                      Very truly yours,

                                      MARY BETH BUCHANAN
                                    UNITED STATES ATTORNEY

                                    PAUL E. SKIRTICH
                                    Assistant U.S. Attorney

cc:   Joyce Horikawa, Esq.

(ATTACHMENT 2)

**Orders on Motions**
1:05-cv-00147-SJM-SPB BAKER v. UNITED STATES, et al

U.S. District Court

Western District of Pennsylvania

**Notice of Electronic Filing**

The following transaction was entered on 12/4/2007 at 9:25 AM EST and filed on 12/4/2007
**Case Name:** BAKER v. UNITED STATES, et al
**Case Number:** 1:05-cv-147
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER dismissing [71] Motion for a bench trial as premature. Although settlement negotiations have not been successful, the case management deadlines issued on August 16, 2007 are still in effect. Dispositive motions are due on January 18, 2008. No trial will commence until after all dispositive motions are decided by this Court. Signed by Judge Susan Paradise Baxter on 12/4/2007. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css)


**1:05-cv-147 Notice has been electronically mailed to:**
Paul E. Skirtich paul.skirtich@usdoj.gov, carol.friedrich@usdoj.gov, usapaw.ecfcivil@usdoj.gov

**1:05-cv-147 Filer will deliver notice by other means to:**

DARRYL ORRIN BAKER
19613-039
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1000
SANDSTONE, MN 55072

(ATTACHMENT 3)



# CONNER RILEY FRIEDMAN & WEICHLER

Andrew J. Conner
Steven E. "Tim" Riley, Jr.
Philip B. Friedman*
William P. Weichler
John F. Mizner*
Matthew J. Parini
*Also admitted in New York

OF COUNSEL
Ted J. Padden

November 19, 2007

Honorable Sean J. McLaughlin
United States District Courthouse
17 South Park Row, Room A250
Erie, PA 16501

        Re: Baker v. United States
           No. 1:05-CV-0047-SJM-SPB
           (United States District Court for the
            Western District of Pennsylvania)

Dear Judge McLaughlin:

  As requested, I have reviewed the papers filed in the above action and have spoken by phone with the plaintiff, Darryl Orrin Baker, about the possibility of representing him in the matter. Based upon our review and my discussion with Mr. Baker, I regret to advise that we will not be presenting him in the matter and have so advised him of our decision by letter.

            Very truly yours,

            Conner Riley Friedman & Weichler

            By_____
              S. E. Riley, Jr.

SER:CAH

cc: Darryl Orrin Baker

17 West Tenth Street ◆ P.O. Box 860 ◆ Erie, Pennsylvania 16512-0860
Ph. 814-453-3343 ext. 217 ◆ Fax 814-455-1572
triley@crfwlaw.com ◆ www.crfwlaw.com




## CONNER RILEY FRIEDMAN & WEICHLER

Andrew J. Conner
Steven E. "Tim" Riley, Jr.
Philip B. Friedman*
William P. Weichler
John F. Mizner*
Matthew J. Parini
 *Also admitted in New York

Of COUNSEL
Ted J. Padden

November 19, 2007

Darryl Orrin Baker
No. 19613-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

<u>**CERTIFIED MAIL - RETURN RECEIPT REQUESTED
AND REGULAR FIRST CLASS U.S. MAIL**</u>

Re:  Baker v. United States
     No. 1:05-CV-00147-SJM-SPB
     (United States District Court for the
     Western District of Pennsylvania)

Dear Mr. Baker:

Confirming our telephone conversation of Monday, November 19, 2007, I was asked by District Judge Sean J. McLaughlin to review the papers filed on the docket in your above-referenced suit and advise you whether I would be willing to represent you in the matter. Having completed my review of the papers filed, I called you to advise you of my review, to ask you certain questions arising from my review, and to determine whether you wanted me to continue with our investigation so that we could decide whether we are able to represent you in the matter.

As I advised, my practice is concentrated in the representation of plaintiffs in personal injury and medical negligence claims. I understand from our conversation and from my review of the pleadings that you have asserted many claims in this suit in addition to a claim sounding in medical negligence, and that you intend to pursue all of the claims you raised and to appeal any claims that either have been or will be dismissed by the Court. While we would be willing to continue with our investigation of your medical negligence claims and consider representing you in such claims depending upon the results of our investigation, we are unable to represent you on the other claims you have raised in the pending case, as we are not experienced in representing clients in such claims. As a result, we have regrettably determined that we are unable to represent you in the matter, and I will so inform the Court.

As we discussed, the attorney-client privilege attaches to any statements you made to me during our conversation, and it is not affected by our decision not to represent you in the matter. Please be assured that we will not disclose any confidential information you provided during our conversation.

17 West Tenth Street ◆ P.O. Box 860 ◆ Erie, Pennsylvania 16512-0860
Ph. 814-453-3343 ext. 217 ◆ Fax 814-455-1572
triley@crfwlaw.com ◆ www.crfwlaw.com

November 19, 2007
Page 2

Best wishes with the successful prosecution of your claims, Mr. Baker.

Very truly yours,

Conner Riley Friedman & Weichler

By _____Tim Riley_____
S. E. Riley, Jr.

SER:CAH

(ATTACHMENT 4)

CLD-245                                                            May 24, 2007

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. <u>07-1036</u>

DARRYL ORRIN BAKER

VS.

UNITED STATES OF AMERICA, ET AL.

(W. D. Pa. Civ. No. 05-cv-00147E)

Present: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

Submitted are:

(1)   By the Clerk for possible dismissal due to a jurisdictional defect;

(2)   Appellee's motion for summary action;

(3)   Appellant's response to possible dismissal due to a jurisdictional defect;

(4)   Appellant's response to motion for summary action;

in the above-captioned case.

> Respectfully,
>
> Clerk

MMW/MPD/je/par

_____O R D E R_____

The foregoing appeal is dismissed for lack of appellate jurisdiction. We have jurisdiction over appeals from final orders of the district court. <u>See</u> 28 U.S.C. § 1291. Orders that fail to dispose of all claims against all parties are not final and appealable orders unless the district court expressly and properly enters judgment and determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b). <u>See, e.g.</u>, <u>In re Good Deal Supermarkets, Inc.</u>, 528 F.2d 710, 712 (3d Cir. 1975). The District Court's memorandum order is not final under § 1291 because it did not dispose of all claims

CLD 245
*Baker v. United States*, No. 07-1036
Page 2

against all parties. An order dismissing a complaint without prejudice is generally not a final and appealable order. <u>Brennan v. Kulick</u>, 407 F.3d 603, 606 (3d Cir. 2005). Here the District Court dismissed the appellant's medical negligence claim but did so without prejudice and with the indication that the claim would later be permitted to proceed. Accordingly, the dismissal order is clearly not final or appealable. Furthermore, there was no request for either the Magistrate Judge or the District Court to certify the decision under Rule 54(b). Therefore, neither Judge ever considered whether the ruling should be certified for immediate appeal. The memorandum order also does not fall under the collateral order doctrine because dismissal of claims on account of sovereign immunity may be effectively reviewed on appeal from the final judgment. See, e.g., <u>Kassuelke v. Alliant Techsystems, Inc.</u>, 223 F.3d 929, 931 (8th Cir. 2000). Because the Court lacks appellate jurisdiction, appellee's motion for summary action, requesting that the Court affirm the memorandum order, is denied.

By the Court,

<u>/s/ D. Brooks Smith</u>
Circuit Judge

Dated: June 7, 2007
par/cc: Mr. D.O.B.
R.L.E., Esq.
L.S.I., Esq.

January 14, 2008


Conner Riley Friedman & Weichler
Mr. Tim Riley Esq.
17 West Tenth Street
P.O. Box 860
Erie, Pennsylvania
16512-1572


        RE: **BAKER v. UNITED STATES**
           **NO. 1:05-CV-0047-SJM-SPB**
           **(UNITED STATES DISTRICT COURT FOR THE**
           **WESTERN DISTRICT OF PENNSYLVANIA)**


Dear Mr. Tim Riley Esq.:

    The plaintiff is requesting representation of the **medical negligence claim** that was Ordered by Sean J. McLaughlin, because the plaintiff is unable to meet the Defendant's request by the Defendants because of my incarceration. See **(ATTACHMENT 1)** Please contact the plaintiff, so we can discuss this matter and prepare for a trial and call expert witnesses from the record who will testify to a medical certainty that these Defendant negligence and foreseeable acts cause the plaintiff present and future injuries.

Thank you very much.


                                          Respectfully submitted

                      BY: *Darryl Baker* (signature)
                                Darryl Orvin Baker
                                Reg. No.# 19613-039 Unit-J
                                Federal Correctional Institution
                                P.O. Box 1000
                                Sandstone, MN
                                55072


**ENCL:**
cc: **U.S.D.C.J. McLAUGHLIN**
     **A.U.S.A.    SKIRTICH**