IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DARRYL ORRIN BAKER,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil Action No. 05-147E
                                   )
UNITED STATES OF AMERICA           )    JUDGE McLAUGHLIN
GOVERNMENT OFFICIALS AT            )    MAGISTRATE JUDGE BAXTER
FCI-McKEAN, WARDEN, OFFICER        )
B. WESEMEN, MEDICAL DEPARTMENT     )    ELECTRONICALLY FILED
                                   )
          Defendants.              )
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S
<u>SECOND [sic] AMENDED COMPLAINT</u>** [1]

AND NOW, come Defendants, United States of America, Government Officials at FCI-McKean, Warden, Officer B. Wesemen and the Medical Department (hereinafter referred to as the "Federal Defendants"), by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said district, and respectfully submits the following Memorandum of Law in Support of the Federal Defendants' Motion for Summary Judgment.

---

[1] On August 19, 2005, Plaintiff filed the original Complaint in this case, and on March 1, 2006, Plaintiff filed an Amended Complaint which thus should have been labeled "Plaintiff's First Amended Complaint."  For purposes of this pleading, it will be referred to as the "Amended Complaint."

I.  **STATEMENT OF CASE**

    A.  **December 14, 2006 Order**

Since this case has a long and tortured procedural history, it may be prudent to summarize the ruling of the Honorable Sean McLaughlin on December 14, 2006, and its impact on Plaintiff's Amended Complaint.

On December 14, 2006, Judge McLaughlin issued an Order in response to the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by the United States on the various (eight) causes of action raised in Plaintiff's Amended Complaint. Specifically, Judge McLaughlin (1) granted the Motion to Dismiss as to Plaintiff's claim of retaliation for lack of subject matter jurisdiction; (2) granted the Motion to Dismiss as to named Defendants FCI-McKean, Warden, Correctional Officer Weseman and the Medical Department at FCI-McKean since they were improper parties; (3) granted the Motion to Dismiss as to Plaintiff's "failure to protect" claim for lack of subject matter jurisdiction due to the "discretionary function" exception of the Federal Tort Claims Act; (4) granted the Motion to Dismiss as to Plaintiff's request for punitive damages and request for a jury trial; and (5) denied without prejudice the Motion for Summary Judgment as to the medical malpractice claim. Ultimately, Judge McLaughlin adopted the Report and Recommendation filed by Magistrate Judge Paradise Baxter as the opinion of the Court.

Consequently, though Plaintiff set forth eight (8) separate causes of action in his Amended Complaint pursuant to the Federal Tort Claims Act (FTCA), and given that several of his causes of action are duplicative or contain elements of a single cause of action, only the one (1) claim dealing with the alleged negligent medical care of the Medical Department at FCI-McKean (2nd, 6th, 7th, and 8th Causes of Action) survives the Order of Court dated December 14, 2006. [2]

B. **Plaintiff's Complaint and Lack of Expert Report**

Plaintiff brought this medical malpractice and negligence claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672 ("FTCA"). Plaintiff alleges that the medical staff at FCI McKean in McKean, Pennsylvania, negligently treated Plaintiff's left eye which was injured in an alleged beating delivered by fellow inmates. Complaint, p. 8, 9.

Pursuant to this Court's Case Management Order, dated August 16, 2007 ("Case Management Order"), discovery was to be completed by November 13, 2007. The case was copied on February 2, 2007, and again on August 22, 2007, for review by

---

[2] The District Court correctly stated that only one cause of action survived the motions of the United States, namely a medical malpractice claim pursuant to the FTCA, despite Plaintiff's efforts to raise four (4) distinct claims of medical malpractice against the United States [Cause of Action #2 (p. 15); Cause of Action #6 (p. 30); Cause of Action #7 (p. 33); and, Cause of Action #8 (p. 33)]. Consequently, this pleading will deal with that lone issue.

attorneys to determine whether or not they would represent Plaintiff in this action.  To date, no attorney has entered an appearance in this case.  Additionally, Plaintiff has not produced an expert report regarding the alleged negligent care of Plaintiff to counsel for Defendant.

Judgment should be entered in favor of the United States on Plaintiff's Complaint because Plaintiff's medical malpractice claim fails to conform to the requirements of proof as set forth in Pennsylvania medical malpractice cases.  It is clear under Pennsylvania law that a plaintiff cannot sustain a claim for medical malpractice in which the subject matter at issue is beyond the ordinary experience of the jury/finder of fact without producing a sufficient expert report and testimony.  Plaintiff has failed to do so and, as such, has failed to create a genuine question of material fact.

## II. **APPLICABLE LEGAL STANDARDS**

### A. **Summary Judgment**

Summary Judgment is appropriate if, drawing all inferences in favor of the non-moving party, "...the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of identifying evidence that demonstrates the absence of

any genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth "...specific facts showing that there is a genuine issue for trial..." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  See Matsushita Elec. Ind. Company v. Zenith Radio Corp., 475 U.S. 574 (1986).  If a court, having reviewed the evidence with this standard in mind, concludes that the "evidence is merely colorable...or is not significantly probative," then summary judgment may be granted.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In addition, when the record is such that it would not support a rational finding that an essential element of the nonmoving party's claim or defense exists, summary judgment must be entered for the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

III. **ARGUMENT**

A.  **Plaintiff Does Not Meet the Requirements of Proof to Sustain a Medical Malpractice Claim in Pennsylvania.**

This case was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.  The Federal Tort Claims Act allows private individuals to bring suits against the United States for torts committed by its employees acting within the scope of their employment.  See Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971).  Under the FTCA, the United States may

be held liable "in the same manner and to the same extent as a private individual under like circumstances..." 28 U.S.C. § 2674. The liability of the United States is determined by the law of the state where the tortious conduct occurred. <u>United States v. Muniz</u>, 374 U.S. 150, 152 (1963), (citing 28 U.S.C. § 1364(b)). Consequently, in this case, the United State's liability will be determined by the laws of negligence and medical malpractice in Pennsylvania.

Under Pennsylvania law, a plaintiff in a medical malpractice case must first establish a <u>prima</u> <u>facie</u> case of malpractice.  To accomplish this, the plaintiff must produce competent evidence that establishes (1) the applicable standard of medical care accepted by the medical community, (2) that the care provided to the plaintiff deviated and fell below the standard of care, and (3) that the injury complained of resulted from that failure. <u>Titchnell v. United States</u>, 681 F.2d 165, 166 (3d Cir. 1982).

Most importantly, Pennsylvania law requires that Plaintiff produce **expert** testimony that shows the physician's conduct at issue in the case varied from the accepted standard of medical practice.  Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons, [a]llegations of medical malpractice generally may <u>not</u> be proven without the testimony of "an expert witness who will testify, to a reasonable degree of medical certainty, that

the act of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." See Gindraw v. Dendler, 967 F.Supp 833 (E.D.Pa. 1997) (quoting, Mitzelfelt v. Kamrin, 526 Pa. 54,62, 584 A.2d 888, 892 (1990).  A very narrow exception to the requirement of expert testimony in medical malpractice actions applies only where "the matter is so simple, or the lack of skill or care so obvious, as to be within the range of experience and comprehension of even non-professional persons." See Toogood v. Rogal, 2003 WL 21241255 (Pa. 2003)(quoting, Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 n.1 (1997)); Brannan v. Lankenau Hospital, 490 Pa. 588, 598, 417 A.2d 196, 201 (Pa. 1980).

　　　Moreover, in addition to the requirement of expert testimony on the underlying issue of whether the defendant acted negligently, expert testimony is required to establish a causal connection between the defendant's alleged negligent acts and the plaintiff's injuries. Dornon v. Johnston, 421 Pa. 58, 218 A.2d 808 (1966)(where the factual relationship between the negligent act and injury is sufficiently obscure that laymen are unable to make reasonable determinations as to its existence, expert guidance is needed).  In other words, to prove his claim of medical malpractice, Plaintiff must produce expert testimony that demonstrates to a reasonable degree of medical certainty that the

acts alleged deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered. See Mitzelfelt, 526 Pa. 54, 584 A.2d 888 (1990). Failure to meet this burden is a failure to create a genuine issue of material fact as to whether or not his care was adequate. Accordingly, Plaintiff's claim must fail as a matter of law.

Unequivocally, Plaintiff has failed to comply with the established case law in this district since he has neither properly identified a medical expert nor provided any expert reports. In fact, Plaintiff has not produced such a report since he does not have one. (See, Docket at # 73, para. 10). In this case involving the diagnosis, care and treatment of an orbital fracture and eye injuries and subsequent functional assessments of each area, this complex medical issue is clearly not so simple as to be within the range of ordinary experience of nonprofessional persons. Indeed, expert testimony is necessary and crucial to a proper understanding of the issues of negligence and causation in this case. The Supreme Court of Pennsylvania emphasized in Toogood, "We reaffirm our earlier conclusion, set forth in numerous decisions of the Court that, medicine being an applied science, the realm of reasonable choice is best defined by those engaged in the practice, and expert medical testimony on this issue is required." Toogood, 824 A.2d 1140, 1148.

Simply stated, the law in Pennsylvania is clear concerning a plaintiff's burden of proof in medical malpractice cases. The Plaintiff must establish both a prima facie case of negligence, and that such negligence was the proximate cause of his injuries. The only way to meet this burden is through an expert that testifies to a reasonable degree of medical certainty that such is the case. "The Pennsylvania Supreme Court has expressly held in malpractice cases, a jury will not be permitted to find negligence without expert testimony to establish variance from accepted medical practice." <u>Tarter v. Linn</u>, 396 Pa.Super. 155, 578 A.2d 453 (1990). It is for the trier of fact to resolve issues of fact. Consequently, the Pennsylvania Supreme Court has held in malpractice cases that there is no issue of fact created without an adequate expert report or testimony. Accordingly, without a genuine issue of material fact in this case, summary judgment is appropriate for the Federal Defendants.

**IV.   CONCLUSION**

For all of the above stated reasons, Plaintiff has failed to create a genuine issue of material fact, and the Federal Defendants are entitled to judgment as a matter of law.

                Respectfully submitted,

                MARY BETH BUCHANAN
                United States Attorney


                s/Paul E. Skirtich
                PAUL E. SKIRTICH
                Assistant U.S. Attorney
                700 Grant Street, Suite 4000
                Pittsburgh, PA  15219
                (412) 894-7418
                PA ID No. 30440

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Memorandum of Law in Support of the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment was electronically filed and/or mailed, postage-paid, this 30th day of January, 2008, to the following:

>Darryl Orrin Baker
>Reg. No. 19613-039
>Federal Correctional Institution
>P.O. Box 1000
>Sandstone, MN 55072


>s/Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney