**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARRYL ORRIN BAKER,** )<br>　　　　　　**Plaintiff,** )<br>　　　v. 　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>**UNITED STATES OF AMERICA,** )<br>　　　　　　**Defendant.** ) | C.A. No. 05-147Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**O R D E R**

On May 16, 2005, Plaintiff, acting *pro se*, filed the instant action. Plaintiff has filed a motion for the appointment of counsel [Document # 73].

This Court recommends that counsel be appointed for Plaintiff. In Tabron v. Grace, 6 F.3d 147 (3d. Cir. 1993), the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d).[1] These factors have been affirmed many times as the appropriate basis for review. See, e.g., Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." Tabron at 155. The court should not appoint counsel unless it appears that the claim has some merit. Id.

Provided that the claim has some merit, the court must then consider the following factors to determine whether to appoint counsel:

---

[1] Actually 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel. Rather, it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. The importance of the distinction was recognized by the Supreme Court in Mallard v. United States District Court, 490 U.S. 296 (1989).

      1. the plaintiff's ability to present his or her own case;[2]

      2. the difficulty of the particular legal issues;

      3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

      4. the plaintiff's capacity to retain counsel on his or her own behalf;

      5. the extent to which a case is likely to turn on credibility determinations, and;

      6. whether the case will require testimony from expert witnesses.

Montgomery, at 499, quoting Tabron at 155-157.  The Circuit emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

      Plaintiff alleges that the medical care provided to him by the United States was negligent.  As relief, Plaintiff seeks monetary damages pursuant to the Federal Tort Claims Act.

      Taking Plaintiff's allegations as true, his claim may have some arguable merit at this stage of the proceedings. Therefore, the claim passes the threshold analysis and this Court must consider the six factors.  It appears that Plaintiff's claims are sufficiently extraordinary to require counsel to represent him pursuant to 28 U.S.C. § 1915(d).  Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  Plaintiff's claim is a complex medical issue involving the diagnosis, care and treatment of an orbital fracture and eye injuries which will likely require the testimony of a medical expert. Indeed, Defendant argues that "expert testimony is necessary and crucial to a proper understanding of the issues of negligence and causation in this case."  Document # 75.

      After considering all of the appropriate factors,

      AND NOW, this 6th day of February, 2008;

      IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel

---

[2]  The Circuit has identified additional factors in determining plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement."  Montgomery, at 501.

[Document # 73] is granted. This Court has requested that Bryan Fife, Esquire, of the Quinn Firm, 2222 West Grandview Blvd., Erie, PA 16506 (814/833-2222) contact Plaintiff in this regard. The representation is not *pro bono* and Attorney Fife and Mr. Baker may enter into a fee agreement for this legal representation. Attorney Fife and Plaintiff should make efforts to contact each other as soon as possible.

   IT IS FURTHER ORDERED that the Clerk of Courts is directed to make a complete copy of the entire case file, along with the docket sheet to be forwarded to Attorney Fife.

                  Susan Paradise Baxter
                  SUSAN PARADISE BAXTER
                  Chief United States Magistrate Judge